383 So.2d 1283 (1980)
Joseph C. YOUNG, Jr.
v.
Raymond M. WAYDE and Miller Chemical Company, Inc.
No. 13131.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
*1284 Risley C. Triche, Triche, Sternfels & Nail, Napoleonville, for plaintiff.
Jacob D. Landry, Landry, Watkins & Bonin, New Iberia, for defendants.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
This appeal is from a judgment in favor of plaintiff, individually, and for the use and benefit of his minor daughter, who, as a pedestrian, sustained injuries resulting from contact with the defendant automobile. The issue presented is whether the trial court based its decision upon an improper standard of care and, alternatively, whether the defendant driver was negligent under the facts of the case. The plaintiff answered the appeal seeking a substantial increase in the amount awarded for the minor.
The accident occurred on April 7, 1977, at approximately 7:00 P.M. on U. S. Highway 90 near Morgan City, Louisiana. At that point the highway is a straight, two-laned, hard-surfaced, major east-west traffic artery, with numerous commercial and industrial establishments in the area. There is a paved shoulder to the highway approximately six feet in width and beyond an additional area covered with shell. The posted speed limit at the time of the accident was forty-five miles per hour. The defendant was proceeding eastward.
Just prior to the accident the plaintiff's daughter, Jo Lynn Young (fourteen years, two months and five days old), and her companion, Joan Turner (eleven years of age), were standing on the paved shoulder of the south side of the highway preparing to cross to the other side. There is testimony that at some point in time they were holding hands, with Joan standing to the left of Jo Lynn nearest the eastbound traffic. As the defendant approached, Jo Lynn proceeded to cross the highway and, becoming aware of the oncoming vehicle, then attempted to retreat from the road surface. She was struck by or came into contact with the side of the right front fender of defendant's vehicle just above the wheel area. The impact occurred in defendant's eastbound lane and resulted in injuries to Jo Lynn's left knee.
The state trooper investigating the accident determined that the defendant vehicle left approximately sixty-five feet of skid marks. He could not, however, say whether they were from the front or rear wheels. The automobile came to a stop approximately ten feet past the point of collision.
The trial judge gave oral reasons for judgment at the conclusion of the trial on April 3, 1979. He made various factual determinations and we find they are supported by the evidence. He concluded that at the time of the accident there was traffic in the area; it was between daylight and dark but there was enough daylight for one to see for some distance; and, the defendant was some sixty to ninety feet from Jo Lynn when she entered the highway. He further found the defendant "was traveling at a speed of forty miles per hour, maybe a little more or maybe a little less." He also found Jo Lynn's movement into the lane of traffic was, according to most of the witnesses, a little bit faster than a walk and she entered the highway from a position *1285 estimated at four or five feet off the highway. He determined that Jo Lynn proceeded eight to ten feet into the highway before she was struck by defendant's automobile. And, the trial judge found the defendant saw the two persons alongside the highway for a distance of some six hundred feet and never slowed his automobile until such time as he actually saw Jo Lynn enter the highway.
Most significantly, the trial judge stated:
"The court finds that a close observation of these two people which the defendant alleges that he had, should have indicated and would have indicated to him, despite the fact that these young girls are presently today somewhat mature in size, the injured child being somewhat slender but still fairly tall; but any observation of these two young girls would have indicated to the driver of the approaching car that they were children at least when he got within a hundred feet or so of these children."
From the foregoing facts, the trial court held:
1. "... the automobile was traveling at such a speed that it was unsafe for this child to run into the highway at the time she did."
2. "Were it not for the Baumgartner case, the court would have to find that this child, who was of an age at the time, being fourteen years of age, would have been guilty of negligence in going into the highway."
3. "... had this driver paid as close attention as the law requires him to pay of pedestrians, he would have seen these fourteen and eleven year old girls alongside the highway and would have further slowed his speed."
4. "... the jurisprudence of this state requires of an automobile driver that he pay close attention to pedestrians alongside the highway."
5. "... if pedestrians were held to be negligent, that this little girl was grossly negligent in running into this highway in the front of this oncoming automobile."
6. "... the court holds that the defendant was negligent in driving at this speed having had these children under observation for as long a period of time as he did."
Defendants-appellants argue that Louisiana has adopted two separate standards which our courts apply to motorist-pedestrian cases, depending upon whether the pedestrians are adults or children of tender years. It is contended that this is true regardless of the recent decision in Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978). The suggestion is made that the trial court erred in finding the defendant-driver negligent based upon either of the applicable standards and the position is taken that it is unclear from the oral reasons given which of the two standards the trial court did apply.
We agree that the standard of care required of a motorist as regards a pedestrian depends upon whether the pedestrian is a child or an adult. The application of the proper standard is dependent upon what the motorist may reasonably be expected to see and comprehend as he approaches the pedestrian. Whether the motorist exercised the care required under the circumstances addresses the question of the motorist's negligence.
Baumgartner, supra, directs its inquiry to the proposition of whether a pedestrian, as a matter of law, may be guilty of contributory negligence and whether the doctrine of last clear chance has applicability in absolving a motorist of liability when he negligently strikes a pedestrian. These questions are answered in the negative and while so doing, Baumgartner makes it clear that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault. Cf. Dufrene v. Dixie Auto Ins. Co., 373 So.2d 162 (La.1979).
We think the trial court's reference to Baumgartner in this case was within the context of holding that while Jo Lynn Young was actually negligent in attempting to cross the highway in front of the oncoming vehicle, her negligence cannot be used as a defense by the defendant-motorist. *1286 We agree that Baumgartner abolishes the defense of contributory negligence in suits by pedestrians against motorists for injuries. In such cases the court's attention must be focused upon the negligence vel non of the driver. See Osby v. Harris, 375 So.2d 181 (La.App. 2d Cir. 1979). We do not think it was the intention of the trial court by citing Baumgartner to hold or imply the standard of care owed Jo Lynn Young by the defendant was that owed to an adult pedestrian. Admittedly, Baumgartner involved an adult pedestrian but it is quite clear from a reading of the reasons for judgment that the trial court concluded Jo Lynn Young was of an age and size mandating the imposition upon the defendant of the standard of care owed a child.
A review of cases dealing with child pedestrians of various ages demonstrates the younger the child the greater the inclination of the courts to increase the burden of care placed upon the driver. Also, while it is true the courts have held in many cases children of tender ages cannot be guilty of contributory negligence, in view of Baumgartner we no longer need concern ourselves with determining if the child is of an age to possess the reasoning to account for its actions. Baumgartner, having established the contributory negligence of an adult pedestrian cannot be interposed against the liability of the motorist, certainly includes within its ambit the same protection for a child, regardless of the child's age.
In this case the trial court went to great lengths in answering the difficult question of whether Jo Lynn Young, for purposes of applying the correct standard of care owed by the defendant, should be treated as an adult or as a child. Both Jo Lynn and her companion were weighed and measured at the direction of the court and allowances were made for the fact two years had elapsed from the time of the accident to the trial during which normal growth might be expected. Based upon this and other evidence, the court made its determination that ". . . any observation of these two young girls would have indicated to the driver of the approaching car that they were children, at least when he got within a hundred feet or so of these children." We cannot disturb this finding of fact unless it is clearly wrong. A careful review of the entire record does not demonstrate the finding to be clearly wrong (manifestly erroneous). Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Turning now to the standard of care owed by the defendant and whether his actions equate to a failure to adhere to that standard, we note the following guidelines:
"The jurisprudence of this state places a high degree of care upon a motorist who sees the presence of young children near the road . . . and imposes upon him the duty to anticipate that the child might act suddenly, unpredictably and often foolish. . . ." LaCroix v. Middle South Services, Inc., 345 So.2d 136 (La.App. 1st Cir. 1977).
See also, Sanders v. English, 325 So.2d 692 (La.App. 1st Cir. 1976); Duraso v. Barbo, 215 So.2d 908 (La.App. 1st Cir. 1968).
The trial court obviously based its decision upon the above standard of care and we find this to be correct. In so doing, the court necessarily rejected the standard of care applicable to adult pedestrians. It provides that when a motorist sees a mature adult pedestrian, apparently in full possession of his or her faculties, in a position of safety, the motorist can assume that such a pedestrian will not leave this position of safety, and the motorist can rely on this presumption until some unusual action on the part of the pedestrian indicates to the driver otherwise. Gauthreaux v. Edrington, 220 So.2d 138 (La.App. 1st Cir. 1969).
The trial court found the defendant negligent in this case because of his failure to pay close attention to the children and his failure to reduce his speed upon approaching the children. These elements of negligence were correlated with the conclusion that when the defendant was within a hundred feet or so of the pedestrians, he could have observed they were children. In addition to the trial court's findings, we note that the defendant did not attempt to gain the attention of the children as he approached them by blowing his horn nor did *1287 he prepare to brake until Jo Lynn proceeded into the highway.
Considering the very high degree of care imposed upon a motorist who sees or should see the presence of children near the road and who, accordingly, has a duty to anticipate a sudden, foolish act by one of them, we think the trial court properly assessed negligence on the part of the defendant. The defendant did not exercise all reasonable care to protect this young pedestrian and is, therefore, at fault. Baumgartner, supra.
We have considered the plaintiff's request for an increase in the amount awarded. After reviewing in detail the nature of the injuries received, the surgery performed, the length of hospitalization, the therapy administered, the short duration of recovery and the minimal residual disability, we conclude that the trial judge has not abused the "much discretion" vested in him by Civil Code Article 1934(3). We cannot, therefore, disturb the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellants.
AFFIRMED.