BYRNES, Judge.
This appeal arises out of an intersectional collision between a New Orleans Public Service Bus (NOPSI) traveling lake bound on *1289 Desire Street in New Orleans and a car driven by Brenda Gray. Gray was traveling on Johnson Street and proceeded across its intersection with Desire Street. Her car was struck by a NOPSI bus. The intersection of Desire and Johnson is an uncontrolled intersection. Jackie Stevenson, appellant, was one of a number of passengers on the bus who were injured. Seven suits arose from this collision, all of which were consolidated for trial. The morning of the trial appellant added the City of New Orleans as defendant alleging that they were negligent in not placing a stop sign or other traffic control at the intersection of Johnson and Desire Streets. Additionally, on the morning of the trial, six of the seven lawsuits were compromised and settled with funds tendered into the registry of the court by United States Fidelity & Guaranty Insurance Co. (USF & G), the insurer of Brenda Gray. Jackie Stevenson did not participate in this distribution of funds, choosing instead to go against NOPSI and the City of New Orleans. The trial was bifurcated, with the issue of the negligence of NOPSI presented to the jury and the issue of the City of New Orleans’ negligence determined by the judge. The jury returned a verdict in favor of NOPSI and against Jackie Stevenson. Before the trial judge ruled on the negligence of the City of New Orleans, the City filed an exception of prescription inasmuch as they had been added as defendant well after the prescriptive period had run. The judge upheld the City’s exception of prescription and therefore did not rule on the City’s negligence. From these adverse judgments plaintiff appeals, alleging five specifications of error.
Appellant’s original petition was filed on December 13,1979, naming NOPSI & Brenda Gray as defendants. NOPSI was served and filed an answer. There is no return indicating that Brenda Gray was ever served with the petition. Appellant’s attorney moved on April 8, 1980 to set trial for May 8, 1980. Trial was then continued on the motion of NOPSI. On June 27, 1980 some two and one-half months after appellant’s motion to set trial was filed, an amended petition was filed adding USF & G as a defendant inasmuch as it was alleged that USF & G had a policy of insurance on Brenda Gray at the time of the accident. USF & G answered the supplemental and amending Petition on July 29, 1980. They did not answer on behalf of Brenda Gray. On the motion of USF & G a pre-trial conference was set for September 29, 1980. At this conference trial was set for January 21, 1981. Appellant’s attorney was listed on the roster of attorneys notified of this pre-trial conference and since there was no indication to the contrary in the record [1], it can be assumed that he did in fact attend or had a representative attend at the pre-trial. This attendance is further evidenced by the fact that the attorney for appellant filed a list of witnesses to be called pursuant to the jury trial order issued at the pre-trial hearing.
A motion to place funds into the registry of the court and motion to dismiss was then filed by USF & G on January 13, 1980. It reads in part:
“Pursuant to the order of the Court given at the pre-trial conference, United States Fidelity & Guaranty Co., through undersigned counsel, with respect represents that:
A. There is in existence a policy of insurance between Brenda Gray and USF&G, which policy has limits of $5,000.00 per person and $10,000.00 per accident:...”
A certificate of service indicates that counsel for appellant was mailed this motion on the same day it was signed. Therefore the record indicates that appellant’s counsel was well aware of this motion and indeed evidence in the record leads this court to conclude that he was indeed present when it was discussed at the pretrial conference.
The above procedural history is germane to our disposition of appellant’s first *1290 specification of error, that the trial court’s ex parte dismissal of defendant USF & G and Brenda Gray on January 12, 1981 upon the deposit of funds into the registry of the court is null and void because proper procedural requirements were not followed.
The case at bar involves seven consolidated actions. USF & G, insurer of Brenda Gray, upon “order of court given at pre-trial” admitted coverage and deposited the limits of its policy coverage into the registry of the court. An order of dismissal was signed dismissing both Gray and USF & G. This was nothing more than a court sanctioned settlement which commenced with the deposit of funds into the registry and concluded with the distribution of funds to all plaintiffs, save Stevenson, on the morning of the trial.
We find no merit in appellant’s contention that even if the dismissal of USF & G was proper the dismissal of Brenda Gray was improper. Counsel for appellant was fully aware of the dismissal of Brenda Gray and in fact had acquiesced to said dismissal. This is made abundantly clear upon a review of the transcript. Out of presence of the jury, after the settlements to the various other plaintiffs were reached, but before trial commenced, the following colloquy took place in the chambers:
THE COURT:
“... Brenda Gray was never served and (sic) answered the lawsuit. USF&G, her insurer, deposited in the registry of the court $11,662 representing the total amount of their liability under their policy. The Court dismissed USF&G as a defendant....
Mr. Bruno has objected to Mr. Maher’s —who represents NOPSI — trial tactic of referring to Brenda Gray as a negligent defendant by virtue of the deposit and the settlement of all the claims out of that fund.
This Court now rules and has explained to counsel that a deposit in the registry of the court is equal to or synonymous to a settlement made prior to the trial and treats it as such following the [dicta] and the language in Wexler vs. Allstate, the 4th Circuit case, and has issued an in limine order against NOPSI prohibiting them to make any reference to the deposit or prior settlements and the fact that Mrs. Brenda Gray confessed any negligence ....
Further conversations between the court and various counsel again shows this acquiescence.
“MR. MAHER:
... The second point is that I feel that I have a right to let the jury known that the defendant, Brenda Gray, is a defendant to the lawsuit. Since Mr. Bruno decided to dismiss her this morning, I would have to object to that and I feel I do have a right to let the jury know that Brenda Gray as a named defendant. And I also would object to not letting the jury know that there is insurance; that there was an insurance policy.
My third objection would be by not being able to tell the jury that by depositing the amount of the policy into the court, that USF&G has admitted liability or has said that Brenda Gray was at fault for this accident.
THE COURT:
It’s exactly those reasons that this Court denies to Mr. Maher and his client the right to do that.
There is a judgment in the record signed by me dismissing Brenda Gray and USF&G from the lawsuit. Am I correct or incorrect:
MR. BRUNO:
January 12, 1980.” [Emphasis ours]
After the jury was seated, the Judge again stated:
“... Now, Brenda Gray is not in this lawsuit, so I can’t introduce Brenda Gray to you. And you will decide eventually whether or not Brenda Gray was a cause, the only cause, or one of the causes when I give you law instructions as to how this accident happened, but Brenda Gray is not a party to the lawsuit... ” [Emphasis ours]
It is clear to this Court that appellant chose, for tactical reasons, to dismiss her claim *1291 against Brenda Gray and to proceed only against NOPSI and the City of New Orleans. This tactic unfortunately did not work and equity dictates that she not now be allowed another day in court solely on this pretext.
The next issue raised by appellant is the maintaining of the City of New Orleans’ peremptory exception of prescription. This exception was raised after the trial but before the trial judge rendered judgment on the issue of the City’s negligence. The City was not added as defendant until the morning of the trial, May 12, 1981, well beyond the one year prescriptive period. The trial court ruled that the only two defendant’s were the City and NOPSI (Gray having been dismissed earlier) and that since the jury had returned a verdict in favor of NOPSI, there could be no solidary liability between the two. Therefore, in the absence of this solidary liability, prescription would not have been interrupted as to the City by the timely filing of suit against Brenda Gray and NOPSI. The judge was correct in maintaining the City’s exception of prescription.
Appellant’s next specification of error alleges that the trial judge’s instructions to the jury did not properly inform the jury of the applicable law. Specifically appellant objects to the fact that there was a failure to give instructions concerning preemption of an intersection and last clear chance. The trial judge’s instructions consisted of the law pertaining to directional right of way. Appellant did not object to anything given in the jury charge and therefore he may not raise on appeal any questions as to the jury charge given. La. C.C.P. 1793. As to the failure of the trial judge in not giving the law of pre-emption or last clear chance, a careful reading of the record indicates to this court that the trial judge was correct in denying these charges inasmuch as they were clearly not applicable to the facts of this case. Accordingly, we find no merit to the contention that there was error in the jury charge given.
Appellant’s final contention is that the verdict of the jury insofar as NOP-SI’s negligence was against the weight of law and evidence. Great deference must be given to the jury’s findings of fact and they will not be disturbed absent a clear showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). The record amply supports the jury’s finding in favor of NOP-SI and therefore we see no reason to change it.
We therefore affirm the trial court’s ruling. All costs of these proceedings are to be borne by appellant.
AFFIRMED.

. The motion for pre-trial conference stated that any attorney who is unable to attend must notify the court. No notification that appellant’s attorney would not attend is in the record.