WATKINS, Judge.
This is an action for personal injury brought by Carl Edward Sullivan against David Wayne St. Cyr and his insurer, Metropolitan Property and Liability Insurance Company, arising from an accident in which a truck driven by St. Cyr struck Sullivan, a pedestrian. A jury found St. Cyr not to have been negligent, and rendered judgment for defendant. Sullivan has appealed, contending the instructions to the jury were erroneous, and that St. Cyr was in fact negligent.
At about 9:30 p.m. on January 4, 1982, Sullivan, who counsel for plaintiff admits was drunk or mentally impaired, was walking in an easterly direction down the center of the right lane of traffic on U.S. Highway 190 in the outskirts of Walker, Louisiana, on a dark night, when he was struck by a truck driven by St. Cyr traveling in an easterly direction in the right lane of traffic. Mr. Sullivan sustained severe injuries.
At the time of the accident, Sullivan was dressed in a white shirt, blue denim pants and a blue denim vest. His back was toward the truck. St. Cyr applied the brakes to his vehicle immediately after seeing Sullivan on the highway, and the St. Cyr vehicle skidded more than 100 feet before striking Sullivan. The speed limit was 55 m.p.h. and St. Cyr testified he was driving 55 m.p.h. The section was partly residential and partly commercial, with rather dim *801 lighting from parking lots at business establishments. It was not raining, and the highway was not wet.
The trial court instructed the jury that if it found Sullivan contributorily negligent in any percentage, it should note that percentage in its responses to questions propounded to the jury, and reduce the amount of recovery accordingly. The jury found Sullivan 100% negligent, and rendered judgment for defendants.
Sullivan contends the instruction to the jury was incorrect in indicating that contributory negligence in the form of comparative negligence constitutes a defense in a suit brought by a pedestrian against a motorist. Plaintiffs contention has merit. The decision of the Louisiana Supreme Court in Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978) held that contributory negligence could not be used as a defense by a motorist in a suit by a pedestrian struck while crossing a cross-walk. This circuit has made clear that contributory negligence is abolished as a defense by Baumgartner in suits by pedestrians against motorists, even should the pedestrian enter an open highway where there was no cross-walk. See Young v. Wayde, 383 So.2d 1283 (La.App. 1st Cir.1980). Thus, it was incorrect for the trial judge to indicate in rather lengthy instructions to the jury on the subject of contributory negligence that contributory negligence constituted a defense in a suit in which a motorist had struck a pedestrian.
However, the proper course if the jury receives incorrect instructions is not to remand for a new trial, but for us to decide the case on the record as made up, assuming the record is clear. Baumgartner, supra, clearly declares that although contributory negligence of the pedestrian is not a defense, “a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault.” (356 So.2d 400, 406) Thus, a motorist must be shown to have been at fault before judgment can be rendered against him.
Here, there is no showing of fault or negligence on the part of St. Cyr. He had consumed four beers at least two hours before the accident. However, his blood alcohol level did not indicate he was intoxicated, and St. Cyr administered CPR to Sullivan immediately after the accident, which shows he had considerable presence of mind. He was driving the speed limit, 55 m.p.h., and there was no showing that conditions on the highway required a slower speed. He was driving with his low-beam headlights on, but he was entering the community of Walker and it is not customary to drive with bright lights in town. Also, a motorist who narrowly missed striking Sullivan, Minnie Lee Pickett, and who preceded St. Cyr by several minutes traveling in the same direction on the same highway, stated there was traffic traveling in the opposite direction. Counsel for Sullivan seeks to find negligence in the fact that Ms. Pickett did not strike Sullivan while St. Cyr did. However, when Ms. Pickett saw Sullivan, Sullivan was within 1V2 feet of the center line, while St. Cyr saw Sullivan walking down the center of the right lane. Furthermore, Ms. Pickett had slowed to 35 m.p.h., to turn into Pendarvis Lane, while St. Cyr was traveling the speed limit with the intention of going on farther. The dark clothing worn by Sullivan, and the darkness of the night caused the accident, not any fault on the part of St. Cyr.
Thus, while the instructions to the jury were incorrect, the result below was correct as St. Cyr was not at fault. Accordingly, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.