BYRNES, Judge.
This is an appeal from a jury verdict in favor of the defendants, Walter Johnson (Johnson) and his insurance company, Government Employees Insurance Co. (GEICO) and against the plaintiff Althea Massey who sued on behalf of her son Levon.
The suit arises from a motor vehicle/pedestrian collision between Johnson, the driver/defendant, and three year old Levon Massey. From the trial testimony, the following facts emerge. On December 27, 1984, at 4:30 p.m., Johnson was proceeding southbound on Valence Street, a two lane residential road in the uptown section of New Orleans, Louisiana. The road was dry and visibility clear. Johnson was not intoxicated. The vehicle’s speed was between 15 and 20 miles per hour in a 25 mile per hour zone.
A few minutes earlier, Levon and two of his older brothers had gone to the grocery on the corner of Liberty and Valence to get some ice cream. They were returning from the store and attempting to cross the street when Levon stepped out from between two cars into the path of Johnson’s moving vehicle. The child was not in a crosswalk or a school zone.
Although Johnson swerved to the left, Levon was nonetheless, hit and thrown several feet. The point of impact was the right bumper, just behind the head lights. Johnson immediately pulled over, and returned to see if anyone was injured. There were no skid marks behind his car. Levon was lying on the side of the road, surrounded by several of his brothers, sisters, and cousins who were playing in the area. An ambulance took him to Charity Hospital where he was treated for a hairline skull fracture, scratches and bruises.
Appellant seeks to recover medical expenses and additional damages for Levon’s subsequent behavioral disturbances. The jury found that Johnson was not at fault and did not cause Levon’s injuries. The case was dismissed. We affirm.
Appellant raises three assignments of error; first that the verdict was contrary to law and evidence; second, that the judge’s refusal to give plaintiff's requested jury instructions was in error and; third, that use of the word “fault” in the jury’s interrogatories was confusing and contrary to the pleadings, and thus grounds for reversal.
The first issue is whether the verdict was contrary to law and evidence. In a motor vehicle/pedestrian collision, the plaintiff bears the burden of proving some negligence on the part of the driver by a preponderance of the evidence. Aetna Casualty and Surety Co. v. Nero, 425 So.2d 730 (La.1983). There is no absolute liability imposed on the driver of an automobile simply because there is an accident between automobile and a pedestrian. A motorist who exercises all reasonable care to protect a pedestrian who nonetheless suffers injury is not at fault. Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La. 1978).
In the instant case, the plaintiff has the burden of proving that Johnson did not use reasonable care in the operation of his automobile. Appellant contends that she met this burden when she proved that *1235 Johnson would have seen Levon but for the fact that he was speeding and daydreaming. At trial, Johnson refuted this argument by testifying that he was traveling within the posted speed limit and proving that he could not have been speeding because he did not leave skid marks when he stopped. Furthermore, he proved that he did not see Levon because two parked cars hid the child from the view of oncoming traffic. No one could have seen the child no matter how fast or slow they were going or how much attention they were paying to the roadway.
Appellant also argues that the standard of care applicable to drivers who see children standing in or near a street is higher than the one applied in the instant case. Our courts do hold that if children are in the roadway, a driver is subject to a higher standard of care and must expect sudden and foolish acts by any one of them. Sutton v. Rogers, 222 So.2d 504 (La.App.2d Cir.1969), Young v. Wayde, 383 So.2d 1283 (La.App. 1st Cir.1980).
Appellant argues that she proved that one child, Quinn, ran across the street prior to the accident. This, she argues, placed Johnson on notice that children were in the area and placed him under a higher standard of care. Since Quinn did not testify at trial, the only proof of his position prior to the accident is the testimony of Darryl Kiefer that after Levon was hit, Quinn was across the street standing next to him. Darryl did not actually see Quinn cross the street.
Johnson contradicted this evidence when he testified that he did not see Quinn cross the street. The jury could therefore have inferred that Quinn crossed the street anytime before or after the accident. The issue was one of credibility.
Absent a showing of manifest error, the trier of fact is best able to decide issues of credibility and its findings should be affirmed. Arceneaux v. Dominigue, 365 So.2d 1330 (La.1978). In our opinion, the facts of this case support the jury’s findings.
Appellant’s second assignment of error alleges that the trial judge failed to properly instruct the jury by refusing to give her proposed instruction concerning the proper standard of care applicable when children are present in or near a roadway. In a jury trial, the judge need not give the precise instructions submitted by either party, but must give instructions which properly reflect the law applicable to the pleadings and facts of the particular case. Miller v. Fogelman Truck Lines, Inc., 398 So.2d 634 (La.App. 3rd Cir.1981), writ denied, 401 So.2d 358 Although the judge did not give the plaintiff’s proposed instruction, he did give this instruction:
The law of the state places a high degree of care upon a motorist who sees a child in or near the road and requires him to anticipate that the child or children might be unable to realize impending danger and might suddenly place himself in a position of peril.
This instruction accurately reflects the law as stated in Sutton, and Young, supra. In our opinion, the jury had the applicable law before them, and was properly instructed.
Appellant’s final argument concerns the use of the word “fault” rather than “negligence” in the jury interrogatories. She claims that the word confused the jury and raised the plaintiff’s burden of proof to one higher than that required by law. A close review of the record reveals that the appellant did not make a timely objection to this matter at the time of trial. It is well settled that absent an objection on the record, a party may not complain of an erroneous jury charge. C.C.P. Art. 1793; Oh v. Allstate Insurance Co., 428 So.2d 1078 (La.App. 1st Cir.1983); Stevenson v. New Orleans Public Service Co., 423 So.2d 1288 (La.App. 4th Cir.1982), writ denied 430 So.2d 93; Ray v. Ameri-Care Hospital, 400 So.2d 1127 (La.App. 1st Cir.1981); writ denied 404 So.2d 277. Since the appellant failed to enter a timely objection, we will not consider the merits of this assignment. For the foregoing reasons, we affirm the *1236 holding of the trial court at the appellant’s cost.
AFFIRMED.