537 So.2d 1226 (1989)
Forest EGAN
v.
HULLINGHORST INDUSTRIES, INC.
No. 88-CA-1033.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
*1227 Darleen M. Jacobs, New Orleans, for plaintiff-appellant.
Hailey, McNamara, Hall, Larmann & Papale, Michael P. Mentz, Metairie, for defendant-appellee.
Before GARRISON, KLEES and BYRNES, JJ.
BYRNES, Judge.
Forest Egan appeals the dismissal of his personal injury action against a scaffolding manufacturer based on a jury verdict finding that the scaffold was not defective and did not cause plaintiff's injuries.
FACTS
The accident occurred on October 24, 1985 at Tenneco Oil Refinery in Chalmette, Louisiana where plaintiff, Forest Egan, was employed as a pipe fitter by a contractor, Lou-Con, Inc. (Lou-Con). The record indicates that Egan was working on a movable scaffold constructed by defendant, Hullinghorst Industries, Inc. (Hullinghorst), when the time keeper came out yelling "fire" and told the men to get out of the unit. At that time, Egan and coworker, Donald Johnson, were on the scaffold putting pipe on the rack. After securing a pipe, Egan followed Johnson in descending the ladder attached to the scaffold. As he was climbing down the ladder, Egan fell to the ground with the scaffold toppling on top of him. Egan sustained multiple injuries.
Egan sued Hullinghorst asserting the theory of strict liability and alternatively, negligence. Fidelity and Casualty Company of New York, which was the worker's compensation insurer for Lou-Con became party to the suit as intervenor, seeking reimbursement for medical and wage compensation paid to Egan. After a three day trial, the jury reached its verdict in Hullinghorst's favor and Egan's action was dismissed.

ISSUES
On appeal Egan avers that the trial court erred in (1) denying plaintiff's motion for directed verdict on the claims that the defendant was liable and that the scaffold was defective; (2) failing to include questions regarding defendant's negligence in the jury interrogatories; (3) failing to grant plaintiff's motion for judgment notwithstanding the verdict or alternatively for a new trial; and (4) allowing the jury to be aware that Egan was receiving worker's compensation benefits. In his fifth claim, Egan asks that the appellate court enter a judgment on the merits of the case pursuant to La.C.C.P. Art. 2164 and under this court's constitutional jurisdiction.

I. DIRECTED VERDICT
Upon conclusion of the evidence at the close of the defendant's case, plaintiff made two motions for directed verdict. Egan claims that the trial court erred in failing to grant these motions. He contends that the evidence established that the scaffold was defective as a matter of law due to the location of the ladder and the condition of the wheels.
The record indicates that the scaffold on which Egan was working was rectangular in shape. It was eight feet high, three feet wide, and seven feet long. A metal ladder was located at the end of one of the longer seven foot sides. The scaffold was movable in that it had four wheels attached to the metal legs. The wheels were uniform in height but varied as to locking mechanism.
There was testimony that this scaffold was built according to Lou-Con's specifications for a rolling platform that could be moved from place to place. The scaffold was build by Hullinghorst employee, Paul Graham, who testified that upon completion of the scaffolding construction, he checked the wheels and their locking mechanisms which were operating correctly. Allan DeLaune, the Hullinghorst foreman and supervisor, also confirmed that the locks and wheels were properly operating when the scaffold was released to Lou-Con foreman, David Pierce.
Egan's co-workers testified that one or two of the wheels could not be locked prior to the accident which occurred two or three *1228 days after the scaffold was delivered to Lou-Con by Hullinghorst.
Plaintiff's witness, Eugene Earp, who was qualified as an expert in the field of safety and, particularly in scaffolding safety, testified that the location of the ladder and the inability of two wheels to lock made the scaffold unreasonably dangerous and violated federal Occupation Safety and Health Administration (OSHA) regulations.
The OSHA regulations do not state that the ladder was required to be on the short side but only that the ladder should be located so that when in use, it will not have a tendency to tip the scaffold. U.S.C. 29:1926.451. The position of the ladder itself was not inherently defective as a matter of law.
Egan testified that he was wearing a safety belt on the day of the accident. Plaintiff's expert witness conceded that the jolt that Egan stated he felt was not inconsistent with the fact that Egan may still have had on his safety belt with a safety, line at the time of the accident, indicating that Egan could have pulled the scaffold, over with him because of a jerk from the safety belt. The photographic exhibit P-1 in globo shows that there were tie-on leads on the scaffold. Defendant raised the question of whether welding leads should be tied off on a moving scaffold or whether ties draping to the floor created an unsafe condition. Further, Egan testified that the slope of the floor to the drain went down in the same direction that the scaffold fell.
The standard by which a trial judge must decide whether to grant a motion for directed verdict is that in viewing all the evidence in the light most favorable to the opposing party, could reasonable persons arrive at a contrary verdict. Breithaupt v. Houston Gen. Ins. Co., 398 So.2d 608 (La. App. 3rd. Cir.1981). Based on evidence presented, it is clear that the jury could have concluded that the scaffold was not defective and other factors could have been responsible for the injury. Plaintiff has failed to show that the facts and inferences point so strongly or overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict as set forth in Reed v. Gulf Inc. Co., 436 So.2d 580 (La.App. 4th Cir.1983), rev'd, writ granted, 441 So.2d 752 (La.1983), on remand, 447 So.2d 1102 (La.App. 4th Cir. 1984), writ granted, 456 So.2d 159 (La. 1984), affirmed, 468 So.2d 1159 (La.1985). Both the defectiveness of the scaffold and liability of the defendant were issues for the jury to determine as trier of fact. We conclude that the trial judge did not abuse his discretion in denying plaintiff's motions for directed verdict.

II. JURY INTERROGATORIES
Egan claims that he was prejudiced by the trial court's failure to include the issue of defendant's negligence in the jury interrogatories. Egan avers that the jury could have found that failure of defendant to inspect the scaffold constituted negligence despite the finding that the scaffold was not defective.
The special interrogatories submitted to the members of the jury to be used in determination of their verdict and their answers included the following:

VERDICT UPON INTERROGATORIES
1. Was there a vice or defect in the scaffold manufactured by Hullinghorst Industries, Inc., which created an unreasonable risk of harm?
Yes___ No X
2. Was this vice or defect the cause of Forest Egan's injuries?
Yes___ No X
If your answers to 1 or 2 are "no", proceed no further and return to the courtroom. If "yes" proceed to question 3.
3. Did Forest Egan's conduct cause his injuries?
Yes___ No___
If your answer to 3 is "yes", proceed no further and return to the courtroom. If "no" proceed to question 4.
4. Were Forest Egan's injuries caused by a third person or persons other than Hullinghorst?
Yes___ No___
*1229 If your answer to 4 is "no", proceed to question 5. If "yes" return to the courtroom.
A review of the record shows that plaintiff objected to Interrogatories Nos. 3 and 4 but made no objection to the order of the interrogatories or to the omission of the issue of defendant's negligence. The trial judge did not alter Interrogatory No. 3; however, that court granted plaintiff's request by adding "or persons other than Hullinghorst" to Interrogatory No. 4. Additionally, plaintiff's request was granted that there be an insertion after Interrogatory No. 2 that the members of the jury should return to the courtroom if their answer was "no" to Interrogatories Nos. 1 and 2. Plaintiff's counsel noted that she would appeal if the jury found that plaintiff's conduct caused his injuries. This assertion cannot be deemed to be an objection based on the omission of defendant's negligence. In not reaching Interrogatory No. 3, the jury did not determine whether plaintiff's conduct was the cause of his injuries.
The court has broad discretion to submit and frame interrogatories to the jury. Brown v. Lykes Bros. S.S. Co., 422 So.2d 213, 219 (La.App. 4th Cir.1982). Failure to raise a timely objection to jury interrogatories at trial precludes plaintiff from raising that issue on appeal. La. C.C.P. Art. 1793; St. Pierre v. General American Transportation Corp., 360 So.2d 595 (La.1978), Massey v. Johnson, 488 So.2d 1233, 1235 (La. App. 4th Cir.1986). Plaintiff's failure to object to omission of defendant's negligence in the jury interrogatories constitutes waiver of that issue.

III. MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR ALTERNATIVELY A NEW TRIAL
Egan asserts that the trial court should have rendered a judgment notwithstanding the verdict in plaintiff's favor under La.C. C.P. Art. 1811 or alternatively granted a new trial under La.C.C.P. Art. 1971 et seq. because the jury verdict was contrary to the law and the evidence. Egan claims that no reasonable finder of fact could have reached the conclusion that no defect existed in the scaffold.
Egan raises the same issues as to the defectiveness of the scaffold previously reviewed in his claim for directed verdict. While all reasonable inferences should be made in favor of the nonmoving party, the court is not bound by inferences which are unreasonable. Rougeau v. Commercial Union Ins., 432 So.2d 1162 (La.App. 3rd Cir.1983). The standard for granting a judgment notwithstanding the verdict is the same used to determine whether a directed verdict should be granted. Rougeau, supra at 1166. As previously noted, a review of the record substantiates that the jury could have made a reasonable inference that the scaffold was not defective. Plaintiff has failed to show that the trial court abused its discretion in denying plaintiff's motions.

IV. WORKER'S COMPENSATION
Egan contends that evidence of worker's compensation payments unfairly prejudiced plaintiff's case before the jury. Gates v. Shell Oil, 812 F.2d 1509 (5th Cir. 1987). However, a review of the record shows that plaintiff's counsel failed to object at the time that Mr. Packard, attorney for the compensation carrier, first began questioning witnesses. On the record, defense counsel questioned the order in which counsel should proceed and the court explained to the jury that the attorney represented the intervenor, Fidelity and Casualty Company of New York. No objection was made by plaintiff or intervenor for the record nor could we find any objection in the record when Egan was questioned about compensation payments. Because plaintiff failed to timely object to the prejudicial inclusion of testimonial evidence, he waives his right to raise that claim on appeal. Wade v. Joffrion, 387 So.2d 1265 (La.App. 1st Cir.1980).
As there is no indication that an objection was raised at trial for the record, we must find that plaintiff is precluded from presenting his claim on appeal.

*1230 V. JUDGMENT ON THE MERITS
We decline to rule on Egan's request for a judgment on the merits or remand for a new trial only on the issue of damages because neither remedy is appropriate. We find no manifest error or abuse of the trial court's discretion in his rulings and judgment in favor of Hullinghorst.
For the foregoing reasons, we affirm the dismissal of plaintiff's action at his cost.
AFFIRMED.