REGAN, Judge.
The plaintiff, Silas Edwards, filed this suit against the defendants, Charles H. Wegmann, Jr., and the Insurance Company of North America, Wegmann’s automobile public liability insurer, endeavoring to recover the sum of $9,924.15 representing damages for personal injuries which he asserts were caused by the negligence of Wegmann in the operation of his motor vehicle.
The defendant answered and denied the foregoing accusation of negligence and then asserted that the accident and resulting injury to the plaintiff was caused entirely by his negligence.
The case was tried in the lower court before a jury, which returned a verdict in favor of the defendants, dismissing the plaintiff’s suit. The lower court rendered judgment in conformity with the jury’s verdict, and from that judgment, the plaintiff has prosecuted this appeal.
The record reveals that the plaintiff, minutes before the accident occurred, alighted from a bus which was being driven in the westbound roadway of Claiborne Avenue at its intersection with Leonidas Street. Thereafter, the plaintiff walked across the westbound roadway of Claiborne and safely reached the neutral ground which divides the two roadways of Claiborne. The plaintiff then looked to his right and saw the defendant’s automobile moving toward him in the eastbound roadway of Claiborne Avenue. He explained that when he reached the neutral ground, he noticed that the traffic light was green in his favor. Consequently, he began to walk across the westbound roadway and was struck by the defendant’s automobile.
The testimony of the defendant and of a disinterested eyewitness, clearly reveals that the defendant was driving his vehicle in the right traffic lane of Claiborne Avenue within the prescribed speed limit. When he approached the intersection of Leonidas Street, the signal light was green in his favor. The defendant initially observed the plaintiff at about the time he walked onto the neutral ground, and he kept the plaintiff in his range of vision from that moment until the accident occurred.
*224 The defendant and the disinterested witness were emphatic in asserting that the plaintiff stepped from the neutral ground and walked into the street without looking a second time to ascertain the position of the defendant’s automobile. When he reached the approximate center of the eastbound roadway of Claiborne Avenue, he stopped and decided for some reason to return to the neutral ground. However, without warning of any kind, he obviously changed his mind and darted across the remainder of Claiborne Avenue directly into the path of the defendant’s vehicle.
In elucidating upon the specific manner in which the accident occurred, the defendant explained that when he noticed the plaintiff stepping from the neutral ground and walking into the street, he removed his foot from the accelerator and slowed his car. The plaintiff then apparently decided to walk back to the neutral ground, at which time the defendant began to reaccelerate, when suddenly the plaintiff turned and ran across the roadway and into the path of the defendant’s car. He applied the brakes and swerved to the right, but it was too late, both from the standpoint of time and distance, to avoid the accident.
The law is well settled that when a motorist observes an adult pedestrian, apparently in full possession of his faculties, in a position of safety, the motorist can assume that this individual will not leave this position and walk back directly into the motorist’s path. Therefore, the motorist may rely upon this presumption until some unusual action on the part of the pedestrian occurs to indicate to the driver that the pedestrian is going to walk into the path of the automobile.[1] To reitera^ when this “unusual action” occurred, it was too late, both from the standpoint of time and distance, for the defendant to avoid the accident.
The foregoing elucidation reveals that only questions of fact were posed for the jury’s consideration. The jurors obviously accepted the defendants’ version of the manner in which the accident occurred, and therefore, concluded that the proximate cause of the collision was the negligence of the plaintiff in leading the defendant into believing that he was retreating to the neutral ground and then suddenly darting into the defendant’s path.
The question which this appeal has posed for our consideration is whether that finding of the jury was so erroneous and unsupported by the evidence adduced herein so as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony of the witnesses who appeared herein or be endeavoring to reconcile the minute differences in the respective litigants’ versions of the manner in which the accident occurred. The jury accepted the defendants’ version thereof, and our analysis of the record convinces us that the evidence preponderates in their favor, and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred in this litigation.
Affirmed.

. See Sorrell v. Allstate Insurance Company, La.App., 179 So.2d 499 (1965) and Pitre v. Thibodeaux, La.App., 200 So.2d 360 (1967).