LOTTINGER, Judge.
This is an appeal from a judgment by the Trial Court rejecting plaintiffs’ demands for damages sustained by the wrongful death of their mother as a result of a pedestrian-automobile accident which occurred on Louisiana Highway 308 in Assumption Parish near the settlement of Labadieville, Louisiana. The defendants are Nicholas K. Edrington, Jr., of La-fourche Parish, driver of the automobile, and his liability insurer, Employers’ Liability Assurance Corporation, Ltd.
The record points out that on March 23, 1967, at approximately 2:15 p. m., the defendant-appellee, Nicholas K. Edrington, Jr., was driving his automobile in a northerly direction on Louisiana Highway 308 from Thibodaux, in Lafourche Parish, to Napoleonville, in Assumption Parish. Highway 308 runs generally north and south, is twenty-four feet in width, and has a hard surfaced blacktop roadway. The weather was clear, roadway dry, and the traffic light. At the point of the accident, and for at least 750 feet prior thereto, the road is relatively straight and the speed limit is sixty miles per hour.
Mr. Edrington testified that he was traveling approximately fifty miles per hour in the right-hand lane toward Labadie-ville when he noticed an object, which was Mrs. Cora Thibodaux Gauthreaux, the decedent, on the left side of the road, on the shoulder, approximately 200 feet ahead. She was walking along the left shoulder in a northerly direction, or in the same direction as the defendant. At a distance of approximately 100 feet, Mrs.- Gauthreaux stepped two or three feet onto the highway. The defendant testified that at this point he blew his horn and is certain that he took his foot off the accelerator. She stopped and looked at the approaching automobile; he could see her face. Here he felt she was going to stop and therefore he kept on going. Then, she suddenly started “darting or trotting” out across the road in front of his automobile. He blew his horn again, but not knowing which way she was going to go, he kept on straight. As she kept running across the road, he jammed on his brakes and swerved to the right. As he swerved to his right, his automobile started skidding at an angle. The decedent hit the left front fender of the automobile. Defendant testified that he felt his car was partly on the right-hand shoulder when contact was made. He testified that he must have been going 25-30 miles per hour when he struck the decedent.
There is testimony in the record by a woman standing on the left-hand shoulder prior to the point of impact, who, though she did not see the defendant pass, stated that when he did pass her, he was going fast and in the wrong lane. Her conclusion was based on the fact that she felt a great rush of wind and small gravel spray her as the car passed.
The investigating State Trooper testified that there was a total of forty-two feet of skid marks, the last nine feet of which consisted of one skid mark, indicating that *140 one set of wheels was off the highway. These skid marks were in the right-hand or northbound lane of traffic. The defendant’s automobile came to rest against a slight rise where a driveway was leading from the highway over the graveled shoulder.
The Trial Court found that the defendant was not at fault in dismissing the plaintiffs’ suit. From this judgment, the plaintiffs have appealed.
The plaintiffs-appellants have listed the following specifications of error on the part of the Trial Court:
(1) In concluding that the appellee was confronted by a sudden emergency rather than having the last clear chance to avoid the collision; and
(2) In failing to award damages since the appellee’s negligence was the proximate cause of this fatality.
In deciding whether the defendant had the last clear chance, we must first determine whether this doctrine is applicable to the facts of this case. In Tate v. Hill, 197 So.2d 107 (La.App. 1st Cir., 1967), rehearing denied April 17, 1967, writ refused June 9, 1967, this Court held:
“The doctrine of last clear chance or discovered peril has been the subject of considerable litigation and the jurisprudence of this state is now well settled to the effect that to warrant its application, plaintiff must discharge the burden of establishing three basic factors by a preponderance of evidence. These factors were stated by us in Jones v. Dozier, La.App., 160 So.2d 395, at page 398, as follows:
‘First plaintiff must establish that he was in a position of peril of which he was unaware or from which he was unable to extricate himself. Secondly, plaintiff must show that defendant was in a position to discover plaintiff’s peril upon the exercise of reasonable care, caution and observation. Finally, plaintiff must establish that when defendant discovered plaintiff’s peril, defendant was possessed of a reasonable opportunity to avoid the accident. McCallum v. Adkerson, La.App., 126 So.2d 835; Whitner v. Scott, La.App., 116 So.2d 180; Newton v. Pacillo, La.App., 111 So.2d 895.’”
As above stated, the plaintiff must establish that when the defendant had discovered the plaintiff’s peril, the defendant must be possessed of a reasonable opportunity to avoid the accident. The problem here is whether the defendant was possessed of that reasonable opportunity. Under the facts as above presented to the Trial Court, the defendant recognized an adult female walking on the shoulder of the highway approximately 200 feet ahead of him, and the jurisprudence is well established that when a motorist sees a mature adult pedes-train, apparently in full possession of his or her faculties, in a position of safety, the motorist can assume that such a pedestrian will not leave this position of safety, and the motorist can rely on this presumption until some unusual action on the part of the pedestrian indicates to the driver otherwise. Sorrell v. Allstate Insurance Co., 179 So.2d 499 (La.App., 3rd Cir., 1965). Therefore, as the defendant was proceeding down this highway and noticed the deceased walking on the shoulder, he could presume that she would not dart across the highway.
Further, we feel that when the decedent stepped 2 or 3 feet onto the highway and gave recognition to the defendant’s signal by looking toward his approaching automobile, she still being in a position of safety, the defendant was not negligent in his presumption that she would not proceed any further. It was not until the decedent started across the highway that the defendant was given any visible evidence that the decedent was leaving her position of safety. When the defendant realized the decedent was not going to stop, he immediately slammed on his brakes, and we feel he did all that was reasonable under the circumstances to avoid this accident. Even *141 prior to her darting across the highway, he had removed his foot from the accelerator of his automobile.
In addition, the plaintiff “must establish that he was in a position of peril of which he was unaware or from which he was unable to extricate himself”. We do not feel that the decedent in the case at bar can be classified as being unaware of her peril. She apparently heard the sound of the horn of the approaching automobile for she looked in the direction of the automobile when the horn was sounded. Being a mature adult she must be presumed to have been aware of the danger of crossing a highway in the face of an approaching automobile. It is further felt that any argument as to whether she was unable to extricate herself from this danger cannot stand inasmuch as she knew of its presence prior to her leaving her position of safety.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs to be paid by plaintiffs-appellants.
Judgment affirmed.