CULPEPPER, Judge.
The plaintiff, a pedestrian, seeks damages for personal injuries received when struck by an automobile driven by the defendant. From a judgment rejecting his demand, plaintiff appealed.
The issues are: (1) Was the defendant negligent? (2) Was the plaintiff contribu-torily negligent? (3) Did defendant have a last clear chance to avoid the accident?
The accident occurred at the “T” intersection of Third Street and Daspit Street in the city of Alexandria. At this location, Third Street has four lanes, two for north bound and two for south bound traffic. Daspit intersects the west side of Third. Third Street is a main traffic artery. Das-pit Street is a narrow side street without sidewalks.
Plaintiff lives on Daspit Street. On March 7, 1975, at about 9:00 a. m., plaintiff and his brother walked in a westerly direction on Daspit toward Third. When they reached the intersection, plaintiff’s brother crossed Daspit to the northwest corner. Plaintiff started to cross Third Street to wait for a city bus at a bus stop on the east side of Third opposite Daspit. There is no designated or marked crossing for pedestrians on Third Street at this intersection.
Plaintiff testified that before starting across Third Street he looked both north and south and saw no vehicles approaching. He then walked about 10 feet into Third Street and looked again in both directions and still saw no approaching vehicles. When plaintiff reached a point about in the middle of Third Street, his brother called to him from the northwest corner of the intersection. Plaintiff turned and looked toward his brother but continued to walk. Suddenly, he heard the brakes of a vehicle approaching from the south on Third. Plaintiff says the vehicle was only 10 to 15 feet away when he first saw it, and that he “froze”. The automobile driven by defendant, struck plaintiff’s right leg and fractured it.
The defendant testified he was driving in the inside north bound lane of Third Street at a speed of about 30 miles per hour, which was within the speed limit of 35 miles per hour. He first saw the plaintiff about two steps from the curb in the outside south bound lane. Plaintiff was walking across Third Street. Defendant testified that when he first saw the plaintiff his vehicle was about 50 feet south of a store on the east side of Third Street, which would place his vehicle over 100 feet from the intersection. Defendant took his foot off the accelerator but did not apply his brakes at that time. When plaintiff reached the middle of the inside south bound lane, he looked toward defendant, and defendant assumed he had seen defendant’s vehicle and would not walk into its path. When plaintiff stepped across the center line of Third Street, defendant was only about 50 feet from plaintiff. Defendant applied his brakes and was almost able to stop, but struck the plaintiff in the inside north bound lane.
Defendant’s testimony is corroborated by the officers who investigated the accident. They found the defendant’s vehicle left 42 feet of skidmarks on the wet pavement, that it struck plaintiff in the inside north bound lane and that defendant’s vehicle stopped five to ten feet north of the point of impact. The officers estimated plaintiff’s speed at about 25 miles per hour at the time he applied his brakes.
Applicable here are the following statutory provisions:
LSA-R.S. 32:213:
“A. Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway.”
LSA-R.S. 32:214:
“Notwithstanding the foregoing provisions of this Part, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exer *897 cise proper precaution upon observing any child or any confused or incapacitated person upon a highway.”
Since there is no marked crosswalk for pedestrians at this intersection, plaintiff had the duty to yield the right of way to all vehicles on Third Street as required by LSA-R.S. 32:213. Nevertheless, plaintiff argues that under LSA-R.S. 32:214 the defendant motorist was negligent in not sounding his horn to warn plaintiff, or, if necessary, stopping his vehicle before he struck plaintiff. For the reasons stated below, we find it unnecessary to decide the issue of defendant’s negligence.
Even assuming that the defendant was negligent in some respect, we think the trial judge was clearly correct in finding that plaintiff was contributorily negligent. Under the statutory rules set out above, plaintiff had the duty to yield the right of way to defendant’s approaching vehicle. Although plaintiff says he looked in both directions after he walked about 10 feet into Third Street, he admits that he did not look again before he was struck. He apparently was distracted by his brother calling to him from the corner on Daspit Street, and he walked on directly into the path of defendant’s approaching vehicle without first observing to see if he could do so in safety.
Furthermore, the last clear chance doctrine does not apply. Defendant testified plaintiff looked in his direction, and he assumed plaintiff saw his approaching vehicle and would stop before walking into its path. It was not until plaintiff stepped across the center line that defendant saw or should have seen plaintiff was going to walk into the path of his vehicle. Jurisprudence has established the rule that where a motorist sees an adult pedestrian in a position of safety in another lane of traffic, the motorist can assume the pedestrian will not leave the position of safety and walk into the path of his vehicle, and the motorist can rely on this assumption until he sees, or should see, that the pedestrian is going to walk into the path of the vehicle. Rowe v. Hardware Dealers Mutual Fire Insurance Company, 208 So.2d 409 (La.App.4th Cir. 1968). Under this rule, defendant was not aware of plaintiff’s peril until he stepped across the center line, and by that time defendant did not have a last clear chance to avoid the accident. Actually, plaintiff had the last clear chance to avoid the accident by simply looking to the south before he stepped across the center line of Third Street. See the recent similar case of Ritter v. Southern Farm Bureau Casualty Insurance Company, 321 So.2d 46 (La.App.3rd Cir. 1975).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.