375 So.2d 181 (1979)
Artis OSBY, Jr., et al., Plaintiffs-Appellants,
v.
Brian R. HARRIS et al., Defendants-Appellees.
No. 13896.
Court of Appeal of Louisiana, Second Circuit.
August 27, 1979.
*182 Donald R. Miller, Shreveport, for plaintiffs-appellants.
Bodenheimer, Jones, Klotz & Simmons by G. M. Bodenheimer, Jr., Shreveport, for defendants-appellees.
Before HALL, MARVIN and JONES, JJ.
JONES, Judge.
Plaintiffs, who are the children of decedent, Artie Osby, Sr., appeal a judgment rejecting their demands for damages in this wrongful death action based upon the death of their father. The accident occurred on June 7, 1975 at about 1:00 a. m. on Youree Drive approximately 500-feet south of its intersection with Stoner Avenue. The night was dark and cloudy but it was not raining at the time of the accident.
Defendant, Brian R. Harris, was driving south on Youree Drive in the inside lane and collided with decedent, a pedestrian, who was running across Youree from west to east. Youree Drive is a principal north-south traffic artery in the City of Shreveport containing two north and two southbound lanes divided in the center with a grassy median. There is an access road running north and south along the west side of Youree, separated from the southbound Youree traffic lanes by a grassy median. Defendant, Harris, had stopped his Corvette in the inside southbound lane at a red light at the intersection of Youree and Stoner just prior to the accident. Jon Reiner was riding in the right front seat of the Harris vehicle. Cyrus Morrison, driving a pick-up truck south on Youree, stopped for the same light in the outside lane alongside defendant's Corvette. Also stopped at the light immediately behind Harris was Robert H. Jackson who was operating a Chevrolet automobile. The Jackson vehicle was occupied on the right front seat by a Miss Hawkins.
When the light changed to green, Harris accelerated proceeding south at a speed of 35 mph in the inside lane. When he arrived at a point approximately .1 mile south of the Youree-Stoner intersection, he collided with an object, about the center of his Corvette, which came over the hood, broke his windshield and damaged his left headlight. He later learned the object was *183 plaintiffs' father. Neither Harris nor his passenger saw decedent until the moment of impact. Decedent was a black man wearing a dark shirt and a dark pair of blue jeans shorts.
Cyrus Morrison testified he departed from the red light at a slower rate of speed than did Harris and that just prior to the accident, he observed a man run easterly across the access road along the west side of Youree and across the median between the access road and Youree, and that when the man arrived at the curbline edge of the westerly most southbound lane of Youree "he paused there for just a minute". Morrison stated the man then ran as fast as he could easterly across the southbound lanes of Youree directly into the path of the Harris Corvette. Morrison stated his pick-up was approximately 25-yards north of decedent at the time decedent started across Youree and the Corvette was some distance south of the pick-up truck. Morrison stated that decedent ran directly into the path of the Corvette at a time when the Corvette was so close to decedent that Harris did not have time to take any evasive action to avoid colliding with the pedestrian.
There exist alongside Youree at the site of the accident street lights located 165-feet apart. These lights are designed and installed in such a manner as to illuminate the southbound lanes of Youree. Decedent had entered Youree approximately one-half way between two of these lights. Robert Jackson who was traveling in the inside lane approximately two car lengths behind the Corvette observed the decedent when he was stopped on the west edge of Youree and next saw decedent as he was thrown into the air following impact. Miss Hawkins first saw decedent only when he was thrown into the air following the impact.
The trial judge found that of the five witnesses to the accident, only Cyrus Morrison saw decedent run across Youree and concluded that while it may have been possible for Harris to have seen decedent, it was not reasonable to hold that as a matter of law he should have seen him. The trial court recognized that decedent entered Youree between two of the street lights and found under these circumstances, defendant had only his own headlights to assist him in seeing decedent. The trial judge recognized that Morrison was in the right lane and found he had not only his own headlights with which to observe decedent as he approached Youree from the right, but also the headlights of Harris' vehicle. The trial court was impressed with the testimony of Morrison and based upon it found Harris could not have avoided the accident.
Plaintiffs assign as error on appeal the trial court's finding that defendant was not negligent and the trial court's refusal to "properly apply the ruling of the Louisiana Supreme Court in Baumgartner v. State Farm Automobile Ins. Co., 356 So.2d 400 (La.1978)." Plaintiffs argue that Harris should have observed decedent as he ran across the access road and the median between the access road and Youree, and also as he crossed Youree. Plaintiffs contend that if Harris had made these observations, he would have had ample opportunity (they say a distance of 500-feet) to have stopped his vehicle in time to avoid colliding with decedent. They urge that because Morrison made these observations, there is no sound reason why Harris should not have also made these same observations. They contend Harris is considered to have seen what he could have seen and his failure to see decedent and stop his car is negligence which brought about their father's death. Plaintiffs correctly contend that Baumgartner, supra, mandates that any negligence on the part of their father which contributed to his death will not bar their recovery.
The only issue in this case is whether or not there is any negligence on the part of defendant, Harris, which contributed to the death of plaintiffs' father. This accident did not occur at a pedestrian crosswalk as did the pedestrian-automobile accident involved in the Baumgartner case. For that reason the following rule from Baumgartner is inapplicable:
"Our law imposes an additional burden upon motorists approaching a pedestrian *184 crosswalk to use more than ordinary care to see what is ahead; they must expect that people may be crossing and be prepared for that possibility." Id. at 404.
There being no crosswalk in the area where this accident occurred, there is no reason why Harris should have anticipated that the decedent would be crossing Youree at this location at 1:00 A.M. in the morning. Under these circumstances, Harris was under no duty to observe the median and the access road located west of Youree Drive for the purpose of ascertaining the approach of pedestrians who might possibly desire to attempt to cross Youree. If Harris had observed decedent as he stood on the west edge of Youree, he would have been under no duty to anticipate that decedent would suddenly attempt to cross the street directly in his path. Morrison testified that as decedent stood there he seemed to observe approaching traffic and for this reason Morrison, for a very short time, did not believe that decedent was going to attempt to cross in front of the approaching vehicles. Morrison stated that decedent commenced his crossing maneuver at a time when the approaching Harris vehicle was almost even with him.
In Baumgartner, we find the following language:
". . . Further, where injury results, the burden should fall on the motorist who, with the exercise of care reasonable under the circumstances, saw or should have seen the impending peril and had, at that moment, the opportunity to avoid it." Id. at 405
The trial court's finding that Harris could not have avoided the accident recognized that even had Harris observed decedent at the time decedent placed himself in peril by attempting to cross Youree, Harris was so close to decedent when the peril was created, that it would have been impossible for him to avoid the accident. The trial court's conclusion is supported by substantial evidence. When the trial court's judgment is not clearly wrong, it may not be disturbed on appeal. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Harris' failure to see decedent dashing across the highway is immaterial because even if Harris had seen decedent, Harris did not have:
". . . at that moment, the opportunity to avoid [the accident]." Baumgartner, supra. Id. at 405
Harris being guilty of no negligence which caused this auto-pedestrian accident, the defendant is not liable under Baumgartner which recognizes that for a pedestrian to recover against the motorist there must be fault on the part of the motorist that brings about the injury. Fitch v. Evans, 364 So.2d 1309 (La.App. 2d Cir. 1978), writ denied 367 So.2d 392; Mathews v. Allstate Auto Ins. Company, 370 So.2d 1331 (La.App. 2d Cir. 1979).
Judgment is affirmed at appellant's cost.