496 So.2d 1372 (1986)
Jacob PUEARRY, Jr., Plaintiff-Appellant,
v.
STATE of Louisiana Through the DEPARTMENT OF PUBLIC SAFETY, DIVISION OF STATE POLICE, STATE TROOP E, and James McKenzie, Defendants-Appellees.
No. 85-1186.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
Smith, Taliaferro, Seibert, Boothe & Purvis, Leo Boothe, Jonesville, for plaintiff-appellant.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Edward E. Rundell and William J. Sharp, Alexandria, for defendants-appellees.
Before GUIDRY, DOUCET and KING, JJ.
KING, Judge.
This appeal presents the issue of whether or not the trial court erred in finding that a police officer was not negligent in striking a pedestrian with his vehicle.
Jacob Puearry, Jr. (hereinafter referred to as plaintiff) filed suit to recover damages for personal injuries against the State of Louisiana, through the Department of Public Safety, Division of State Police, State Troop E, and James McKenzie, a State Police Trooper (all hereinafter referred to as defendants). After trial on the merits the plaintiff's suit was dismissed. Plaintiff appeals the dismissal of his suit. We affirm.

*1373 FACTS
Plaintiff was involved in two accidents on June 26, 1981. At approximately 3:15 P.M., plaintiff was driving east on U.S. Highway 84 in Concordia Parish, Louisiana when he lost control of his employer's truck and turned it over into a ditch adjacent to the shoulder of the eastbound travel lane on the south side of the road. Plaintiff had been drinking heavily since that morning and his blood alcohol level was later determined to be .22 grams percent. Leaving his two passengers with the truck, plaintiff crossed the two-lane highway and went to a nearby grocery store on the north side of the highway to call for assistance. State Trooper James McKenzie, preceded by a deputy sheriff's automobile and followed by an ambulance, responded to the call. Before the convoy of the three emergency vehicles arrived at the scene, Trooper McKenzie was notified by radio that it was not an emergency and he had reduced his speed within the posted speed limit. As the three emergency vehicles approached the accident site, plaintiff started running along the north shoulder of the highway, on the opposite side of the highway from his overturned truck, in the same direction as the emergency vehicles which were approaching the accident site. When the sheriff's automobile had passed the plaintiff, who was about 100 yards east of the accident site, the plaintiff suddenly darted left without warning into the highway in front of Trooper McKenzie's approaching automobile which had its red flashing emergency lights on. Trooper McKenzie immediately applied his brakes, but was unable to avoid hitting the plaintiff before he came to a stop.
As a result of the accident, plaintiff suffered permanent disabilities to both legs. Plaintiff sued the State of Louisiana, through the Department of Public Safety, its insurer, and Trooper James McKenzie, for physical and mental injuries allegedly caused by the negligence of Trooper McKenzie. Prior to the trial, Trooper McKenzie was voluntarily dismissed as a defendant by the plaintiff.
After a trial on the merits, the trial court found Trooper McKenzie had committed no negligent acts causing plaintiff's injuries. The trial court dismissed plaintiff's suit, with prejudice, at his cost.
Plaintiff appeals the trial judge's dismissal of the suit in favor of the defendants, alleging that the court erred in not finding that Trooper McKenzie was negligent in striking plaintiff with his vehicle.

LAW
Plaintiff argues that a higher standard of care than that required of pedestrians is imposed upon a motorist commensurate with the possible hazards his conduct might have upon the public safety, relying on Baumgartner v. State Farm Mut. Auto Ins. Co., 356 So.2d 400 (La.1978). Asserting that since Trooper McKenzie should have known that intoxicated pedestrians are likely to be present at an accident site, plaintiff contends that the trooper was negligent in not slowing even more as he approached the accident site as other ordinary motorists would have done.
This is not a case involving an ordinary motorist. Under LSA-R.S. 32:24, drivers of emergency vehicles, when responding to emergency calls, may exercise certain privileges, including exceeding the maximum speed limits when necessary. An ambulance attendant at the scene testified that while ordinary motorists would be expected to slow down when approaching an accident site, emergency vehicle drivers are held to a different standard.
In this case, Trooper McKenzie was responding to an emergency call, and was in the process of slowing down as he approached the accident site. When Trooper McKenzie saw the plaintiff running on the shoulder of the highway, Trooper McKenzie was driving below the posted speed limit at about 50 miles per hour. Without warning, plaintiff suddenly darted onto the highway in front of Trooper McKenzie's vehicle. The trooper slammed on his brakes but was unable to avoid hitting the plaintiff. Eyewitnesses testified that the accident was unavoidable.
The driver of an emergency vehicle will only be held liable for negligence *1374 to the degree that it constitutes reckless disregard for the safety of others. Mott v. Babin Motors, Inc., 451 So.2d 632 (La.App. 3 Cir.1984). The jurisprudence is well established that when a motorist observes an adult pedestrian apparently in full possession of his faculties, in a position of safety, he has the right to assume that the pedestrian will remain in this position of safety and will not precede into the path of an oncoming vehicle. Gauthreaux v. Edrington, 220 So.2d 138 (La.App. 1 Cir.1969); Edwards v. Insurance Company of North America, 207 So.2d 222 (La.App. 4 Cir. (1968); Sorrell v. Allstate Insurance Company, 179 So.2d 499 (La.App. 3 Cir.1965), writ ref'd, 248 La. 698, 181 So.2d 398 (1966).
Plaintiff contends that a motorist owes a higher duty of care to see what is ahead when approaching an accident site where intoxicated or incapacitated people are likely to be present, citing Baumgartner, supra. However, we note that the Baumgartner rule has been limited to apply only where the accident occurs at a pedestrian crosswalk and the driver of the vehicle is negligent. Osby v. Harris, 375 So.2d 181 (La.App. 2 Cir.1979).
For a pedestrian to recover against a motorist, he must prove negligence on the part of the driver by a preponderance of the evidence. Greenup v. Maginnis, 446 So.2d 485 (La.App. 4 Cir.1984); Osby v. Harris, supra. In Sholar v. U.S. Fire Insurance Company, 261 So.2d 327 (La. App. 1 Cir.1972), the court found that a police officer:
"[C]ould hardly be found negligent in failing to suspect that a motorist would suddenly enter his right of way when he was in clear vision and proceeding at an excessive rate of speed. As soon as he saw decedent's car, [the officer] applied his brakes and did all that he could in the seconds left to him to avoid hitting it. This court does not find [the officer] negligent in the premises." Sholar v. U.S. Fire Insurance Company, 261 So.2d 327, at page 330 (La.App. 1 Cir. 1972).
In this case, Trooper McKenzie did all he could to avoid hitting the plaintiff. Plaintiff testified that before he attempted to cross the highway, he looked and saw the ambulance approaching. Trooper McKenzie had the right to assume that the plaintiff, who was in a position of safety on the shoulder, would not dart across the highway. Gauthreaux v. Edrington, supra.
"Motorists are not insurers of pedestrians' safety. Where a pedestrian is negligent and the motorist is not, there is no recovery." McKenzie v. New Orleans Public Service, 455 So.2d 678, at page 680 (La.App. 4 Cir.1984), writ den., 460 So.2d 1043 (La.1984).
We do not find that the trial court was manifestly in error or clearly wrong in finding no negligence on the part of Trooper McKenzie. We also find from the record that the trooper did all that he could do to avoid hitting the plaintiff under the circumstances.
For the foregoing reasons, we affirm the judgment of the trial court dismissing plaintiff's suit, with prejudice and taxing all costs of the trial court to the plaintiff. All costs of this appeal are taxed against plaintiff-appellant.
AFFIRMED.