HIGHTOWER, Judge.
Plaintiff, a pedestrian struck by an automobile, appeals a judgment rejecting his personal injury claims. For the reasons expressed herein, we affirm.
PACTS
Injured on March 7, 1986, while performing his duties as a sanitation worker for the City of Bossier, Alvin Brooks filed suit against Sheryl A. Allred (“defendant”) and her insurer. His employer intervened to recover all benefits and expenses previously paid pursuant to the Worker’s Compensation Law.
The accident occurred about 7:30 a.m., as defendant proceeded past a garbage truck parked on Brownlee Road, a straight two-lane street in a subdivision of Bossier City. At that location, the width of the eastbound lane is 9 feet 11 inches and that of the westbound is 10 feet 2 inches. Previously traveling in an easterly direction, the eight-foot-wide sanitation vehicle, from which plaintiff worked, was positioned totally within the eastbound lane of the roadway.
After he and a co-employee loaded refuse from the southern curb into the right-hand side of the truck, plaintiff decided to cross the street to collect trash farther up the road. Seeing no motorists approaching in the eastbound lane, he proceeded to the front of the sanitation vehicle by moving along its passenger side. From that forward position, observing no westbound traffic, he stepped from in front of the truck and into the westbound lane of the roadway. According to plaintiff, as he reached the center of that lane, the middle of defendant’s front bumper struck him and caused his numerous injuries. He acknowledged, however, that he never saw the car before being struck.
One of plaintiff’s fellow workers substantiated these assertions. However, his testimony also revealed that, from the left side of the front of the truck, he successfully observed defendant approach the rear of the vehicle and proceed to pass. Appreciating the danger, he attempted to warn plaintiff but failed in that effort.
Defendant provided a contradictory version of the occurrence. At a considerable distance, she detected the parked garbage truck in her lane of travel. After slowing behind that vehicle and observing neither oncoming traffic nor any sanitation employees in the vicinity, she initiated a passing maneuver with caution and at 20 miles per hour or less. Upon clearing the front of the vehicle, and as she began to re-enter the eastbound lane, she struck plaintiff, whom she did not see before impact.
The testimony of Mary Ray, a motorist trailing defendant, confirmed that Ms. *1303 Allred slowly approached the garbage truck and began passing when there were no discernable obstructions in her path. From the witness’ position behind defendant, it appeared that plaintiff walked into the car as its front bumper pulled even with that of the garbage truck. Indeed, the physical damage to defendant's vehicle resulted on the right front quarter panel, not across the bumper.
The trial judge discounted, as speculative, plaintiffs contention that defendant should have realized workmen were in the area and accordingly utilized even greater caution when passing the garbage truck. Determining that the defendant driver exercised reasonable care and could not have avoided the accident at the moment she became aware of plaintiffs danger, the district court rendered judgment in favor of defendant and her insurer.
An appeal by intervenor, entered along with that of plaintiff, has been dismissed for failure to timely file a brief. Rule 2-12.12, URCA.
DISCUSSION
Summarized and edited, the trial court stated:
The defendant approached the truck from the rear, [with both vehicles] headed east. [She] did not see ... either ... of the workers.... [W]hen the plaintiff finished loading the truck on the right hand side, he went around to the front of the truck and approximately two or three feet in front of the truck ... crossed the road into the west bound lane ... [;] Mrs. Allred had taken her vehicle into the west bound lane ... and as she approached the front of the [truck] ... Mr. Brooks stepped out.... [T]he more credible evidence ... is that he walked into the side of [her] vehicle.... [I]t happened so ... fast that ... Mrs. Allred had no opportunity to avoid [the impact]. She was going at a slow rate of speed, ... approximately fifteen miles an hour, ten to twenty miles an hour, which is a very slow rate of speed. She had looked, ... saw nothing coming, [and] saw no workers_ [I] find ... [no] negligence on the part of ... Mrs. Allred_
In his sole assignment, plaintiff contends that the trial court erred in not holding plaintiff, as a motorist, to a greater duty of care toward any workmen in the vicinity of the truck.
Of course, when a worker is busy in the street or highway, under circumstances indicating that he is not watchful and is depending on the protection of signs, barricades or flagmen, the driver of a motor vehicle owes a higher degree of care than the worker. Maryland Casualty Co. v. Allstate Insurance Co., 96 So.2d 340 (La.App. 2d Cir.1957), cert. denied. As a corollary of that rule, however, when the worker is not performing a task which diverts his attention from vehicular traffic, but is merely crossing or walking along the street or highway, he is expected to exercise the same degree of care for his safety as that required of an ordinary pedestrian. Id. In such cases, when a person of normal intelligence, and with normal faculties, suddenly steps from in front of a parked vehicle on the highway without taking the simple precaution of looking for traffic from the direction in which his vision is obstructed, he is not relieved of. negligence in any manner. Bailey v. Reggie, 22 So.2d 698 (La.App. 1st Cir.1945).
A trial court’s findings of fact may not be set aside on appeal in the absence of manifest error or clear wrongness, and where there is conflict in the testimony, reasonable inferences of fact should not be disturbed on review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). If the trial court’s findings are reasonable in light of the entire record, an appellate court may not reverse, and a factfinder’s choice between two permissible views of the evidence cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
After considering the evidence, the trial judge concluded that plaintiff, having completed his chore on one side of the road, started to cross the street within two to three feet of the front of the garbage truck in order to move to the other curb and *1304 down the road. Thus, obviously not engrossed in an activity which impaired his ability to monitor vehicular traffic, plaintiff held the same status as an ordinary pedestrian with respect to his duty of care toward his own safety. Maryland Casualty, supra.
Generally, the operator of a motor vehicle is under a continuous duty to maintain a proper lookout and see the things he should have seen with the exercise of reasonable care. Allen v. Burrow, 505 So.2d 880 (La.App. 2d Cir.1987), writ denied, 507 So.2d 229 (La.1987). But motorists are not insurers of pedestrians’ safety, McKenzie v. New Orleans Public Service, 455 So.2d 678 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1043 (La.1984), and are liable for striking a pedestrian only when there is an opportunity to appreciate his peril in time to avoid the accident, Fields v. Senior Citizens Center, Inc., 528 So.2d 573 (La.App. 2d Cir.1988); Osby v. Harris, 375 So.2d 181 (La.App. 2d Cir.1979).
The trial court accepted that defendant slowly approached the garbage truck and, after observing no obstacles, passed it at 10 to 20 miles per hour in the westbound lane. Plaintiff conceded that he did not check again for eastbound traffic before stepping away from the front of the garbage truck, but, instead, maintained his lookout in the opposite direction. Aided by the physical evidence, the district judge deduced plaintiff left a position of safety when defendant lacked sufficient time to react and avoid colliding with him. From the totality of this record, we cannot say that the trial court clearly erred in assessing all fault to plaintiff. See Nichols v. Stone Container Corp., 552 So.2d 688 (La.App. 2d Cir.1989), writ denied, 556 So.2d 1262 (La.1990).
Plaintiff also argues that liability should be imposed on defendant for her failure to sound her horn prior to initiating the passing maneuver. See LSA-R.S. 32:214, 32:351. We disagree. The duty imposed by these statutes is contingent upon the operator of a vehicle being confronted with reasonable necessity for giv-mg a warning. See Finlay v. Standard Accident Ins. Co., 19 So.2d 302 (La.App. 1st Cir.1944); Guillory v. United Gas Public Service Co., 148 So. 274 (La.App. 1st Cir.1933). Unaware of plaintiffs presence until he stepped from his obstructed position, defendant violated neither statute by failing to sound a precautionary alert.
CONCLUSION
Finding no manifest error, the judgment of the trial court is affirmed. All costs are to be borne by appellant.
AFFIRMED.