STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-664

CLARENCE G. GUIDRY

VERSUS

THE CITY OF RAYNE
POLICE DEPARTMENT, ET AL.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 81171-L
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.

                                                              **AFFIRMED.**

**J. Floyd Johnson**
**Post Office Box 91847**
**Lafayette, Louisiana 70509-1847**
**(337) 231-5883**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Clarence G. Guidry**

**Michael Robinson**
**Pucheu, Pucheu, & Robinson, L.L.P.**
**Post Office Box 1109**
**Eunice, Louisiana 70535-1109**
**(337) 457-9075**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Clarence G. Guidry**

**Karen Day White**
**700 North Tenth Street, Suite 440**
**Baton Rouge, Louisiana 70802**
**(225) 332-7631**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **City of Rayne and Gerites Cormier**

**GENOVESE, Judge.**

Plaintiff/Appellant, Clarence G. Guidry, appeals a judgment granting a motion for involuntary dismissal orally made by Defendants, Gerites Cormier and the City of Rayne, after his presentation of evidence at the trial of his negligence action. For the following reasons, we affirm.

## FACTS AND HISTORY

Around 12:30 a.m., on December 17, 2002, Mr. Guidry was struck by a police patrol car being driven by a Rayne police officer, Gerites Cormier. Officer Cormier was on routine patrol, driving on Section Avenue in Rayne, Louisiana, when his vehicle struck and seriously injured Mr. Guidry.

After a two-day bench trial on Mr. Guidry's negligence action, and at the close of Mr. Guidry's case, the trial court granted Defendants' motion for involuntary dismissal and dismissed Mr. Guidry's case. Mr. Guidry filed a Motion for New Trial which was denied by the trial court. Mr. Guidry now appeals.

## ASSIGNMENTS OF ERROR

Mr. Guidry asserts the following assignments of error:

1. The trial court erred in granting the involuntary dismissal in the face of uncontroverted evidence.

2. The trial court erred in excluding Anthony McClelland for failing to appear at [his] deposition.

3 The trial court erred [by] allowing the statements of [the] paramedic[s] against the physician/patient privilege.

## LAW AND DISCUSSION

The procedure governing motions for involuntary dismissal is found in La.Code Civ.P. art. 1672(B), which provides as follows:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving

1

his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

A trial court is accorded much discretion in deciding a motion for involuntary dismissal. *Koonce v. Dousay*, 06-1498 (La.App. 3 Cir. 3/7/07), 952 So.2d 893. This court reviews a trial court's judgment on a motion for involuntary dismissal under a manifest error standard of review. *Fontenot v. Granger*, 07-1588 (La.App. 3 Cir. 6/4/08), 985 So.2d 859, *writ denied*, 08-1475 (La. 7/14/08), 986 So.2d 67.

In granting the motion for involuntary dismissal, the trial court stated:

[I]n a civil case, the plaintiff does have the burden of proof, by a preponderance of the evidence, that the accident was caused in this case by the negligence of the defendant.

And, in proving that, the plaintiff must show that it's more probable than not that the facts as set forth by the plaintiff are the facts that exist in this case.

And I understand the theory in this case of [Mr. Guidry] is that [Officer Cormier] was headed in a southbound direction, rather than a northbound direction, and that that was the mechanism by which the accident occurred.

However, I am going to state again, as I stated before during your arguments, . . . there is not any credible evidence in the record to establish that [Officer Cormier] was traveling in that direction.

There is no evidence to establish that [Officer Cormier] left the roadway or in any way drove his vehicle in a manner that caused this accident.

In fact, all of the evidence establishes that it was very dark and that [Mr. Guidry] really was not seen by [Officer Cormier] until the actual impact in this case.

I agree . . . that, certainly, a motorist has a duty to a pedestrian. But that does not extend to the duty to anticipate that, in the dark of night, somebody is going to suddenly appear in the middle of the roadway.

2

And, again, the evidence that has been presented does not show that it's more probable than not that the accident happened in the way [Mr. Guidry] is contending. And that is the plaintiff's burden in this case.

. . . .

In this case, I'm going to grant that involuntary dismissal. [Mr. Guidry] has not shown that the -- by a preponderance of the evidence, that the defendant, City of Rayne, was negligent in this action. So I am going to grant the dismissal.

In *Uriegas v. Gainsco*, 94-1400, pp. 15-18 (La.App. 3 Cir. 9/13/95), 663 So.2d 162, 171-72, *writ denied*, 95-2485 (La. 12/15/95), 664 So.2d 458, this court set forth a thorough analysis of the law concerning motorist/pedestrian accidents:

> Louisiana law does not impose absolute or strict liability upon a motorist involved in a collision with a pedestrian. *Aetna Cas. & Sur. Co. v. Nero*, 425 So.2d 730 (La.1983). Motorists are not the insurers of pedestrians' safety. *Puearry v. Department of Pub. Safety*, 496 So.2d 1372 (La.App. 3 Cir.1986). However, a motorist is statutorily obligated to exercise due care to avoid colliding with any pedestrian upon the roadway and must give warning to the pedestrian by sounding the horn when necessary. Furthermore, a motorist must exercise proper precaution upon observing any child or any confused or incapacitated person upon a highway. La.R.S. 32:214.

> The fact that an accident occurs does not create a presumption of negligence in favor of either the pedestrian or motorist. Accidents occurring between a pedestrian and a motorist are governed by the principles of comparative fault. La.Civ.Code art. 2323; *Turner v. New Orleans Pub. Serv. Inc.*, 476 So.2d 800, 803 (La.1985). Therefore, a determination of negligence in motorist/pedestrian accidents rests upon the particular facts and circumstances of each case. See *Myles v. Turner*, 24,198 (La.App. 2 Cir. 1/19/94); 632 So.2d 384.

> The driver of a vehicle bears a greater responsibility to avoid pedestrian/motorist accidents because the consequences of his fault present the potential for causing the greater havoc. *Turner, supra.* "The greater the risk of harm to others, the greater is the fault." *Id.* at 805. As stated by the Louisiana Supreme Court in *Baumgartner v. State Farm Mut. Auto. Ins. Co.*, 356 So.2d 400, 406 (La.1978):

>> The operator of a motor vehicle, a dangerous instrumentality, has the constant duty to watch out for the

3

possible negligent acts of pedestrians and avoid injuring them. A higher standard of care than that required of pedestrians is imposed upon the motorist commensurate with the hazards his conduct inflicts upon the public safety. . . . It must be noted, however, that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault.

Likewise, a pedestrian is charged with a duty to exercise reasonable care when entering the roadway or a crosswalk. *Miller v. Bailey*, 621 So.2d 1174 (La.App. 3 Cir.), *writ denied*, 629 So.2d 358 (La.1993). A pedestrian simply may not freely choose to leave a position of safety and pursue a course certain to enter the path of a vehicle which is so close that it is impossible for the driver to yield. La.R.S. 32:212(B). Furthermore, when a pedestrian crosses a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection, the pedestrian must yield the right of way to all vehicles upon the roadway. La.R.S. 32:213(A). Therefore, responsibility for travel free from undue peril on the streets and highways of this state is shared by both the motorist and pedestrian. The countervailing duties that motorists and pedestrians owe to each other ensure that both pedestrians and motorists may safely coexist on roadways traversed by both.

Although a motorist commands a greater instrumentality of harm, a pedestrian still bears the burden of proving that the motorist was negligent before he can recover damages. *Puearry*, 496 So.2d at 1374; *Bennett v. State, Through DOTD*, 503 So.2d 1022 (La.App. 2 Cir.), *writ denied*, 505 So.2d 58 (La.1987); *McKenzie v. NOPSI*, 455 So.2d 678 (La.App. 4th Cir.), *writ denied*, 460 So.2d 1043 (La.1984). A motorist has no special duty to anticipate the presence of a pedestrian in a roadway where there is no crosswalk. *Shroyer v. Grush*, 555 So.2d 534 (La.App. 4 Cir.1989); *writs denied*, 559 So.2d 139, 140 (La.1990); *Osby v. Harris*, 375 So.2d 181 (La.App. 2 Cir.1979). Moreover, a motorist is not held to the highest standard of care in guarding against unexpected or unusual obstructions in the road. *Calais v. Thibodeaux*, 220 So.2d 209 (La.App. 3 Cir.), *writ denied*, 254 So.2d La. 15, 222 So.2d 67 (1969). A motorist has a right to assume that a pedestrian will remain in a position of safety and will not attempt to enter the path of a moving vehicle. *Puearry*, 496 So.2d at 1374. However, a motorist may not blindly rely upon this assumption when he sees, should have seen, or anticipates that the pedestrian is going to cross the path of his vehicle. *Henry v. Svebek*, 339 So.2d 895 (La.App. 3 Cir.1976), *writ refused*, 341 So.2d 1127 (La.1977). When a motorist sees, should have seen, or anticipates that the pedestrian is going to cross the path of his vehicle, the motorist must exercise reasonable care to protect the pedestrian. *Baumgartner*, 356 So.2d at 407.

The accident report, prepared by Louisiana State Trooper First Class Kevin Dies, indicates that the accident occurred on Section Avenue at its intersection with West Harrop Street in the city of Rayne, Louisiana. According to the accident report:

> [Officer Cormier's vehicle] was traveling north on Section Avenue and approaching the intersection with West Harrop Street. [Mr. Guidry] was running east on West Harrop Street and approaching the intersection with Section Avenue. As [Mr. Guidry] was crossing Section Avenue, he was struck by [Officer Cormier's vehicle]. [Officer Cormier] locked his brakes and swerved to his right prior to impact. The area of impact was determined by [Officer Cormier's] skidmarks' path prior to the intersection. After impact, [Mr. Guidry] traveled 22'4" until his final point of rest on the southbound shoulder of Section Avenue, just north of the intersection. [Mr. Guidry] had no comment when asked about what happened.

At the heart of Mr. Guidry's contention that the trial court erred in granting Defendants' motion for involuntary dismissal at the close of his case is Mr. Guidry's argument that the trial court erred in not accepting his version of how the accident occurred. Mr. Guidry contends that Officer Cormier was driving south, not north, on Section Avenue, and that he was on the west side of West Harrop Street, not the east side as indicated in Trooper Dies's investigative report. Therefore, Mr. Guidry asserts that Officer Cormier was negligent.

Defendants, in brief, assert that Mr. Guidry's rendition of how the accident occurred is seriously flawed, primarily because Mr. Guidry himself does not recall what occurred. According to Defendants, "[t]he transcript reveals that [Mr. Guidry's] version of events is replete with inconsistencies and contradictions, including his inability to explain where he was during a near [seven]-hour lapse in time between arriving home and the accident." Defendants also assert there was no credible evidence offered by Mr. Guidry which proved by a preponderance of the evidence that Officer Cormier acted negligently.

Our thorough review of the record clearly indicates that the trial court did not abuse its discretion in granting Defendants' motion for involuntary dismissal. Mr. Guidry's efforts at trial were consumed by his attempts to thwart the credibility of the accident report and the state trooper responsible therefor. In doing so, Mr. Guidry failed to offer evidence that Officer Cormier breached any duty when his vehicle tragically struck Mr. Guidry. Even Mr. Guidry's own accident reconstruction expert, Mr. Jere Johnson, stated that he was unable to render an opinion as to what happened. Furthermore, the physical evidence in this case does not support Mr. Guidry's claim as to how the accident happened. Thus, the trial court correctly concluded that Mr. Guidry did not present sufficient evidence to establish his negligence claim by a preponderance of the evidence. We find no manifest error in the trial court's ruling that Mr. Guidry failed to prove, by a preponderance of the evidence, his claims against Defendants.

We, likewise, find no merit in Mr. Guidry's remaining assignments of error. Contrary to Mr. Guidry's assertion, the trial court did not prohibit Mr. Anthony McClelland from testifying on Mr. Guidry's behalf. Mr. McClelland did in fact testify. Further, during the arguments of counsel after Defendants moved for an involuntary dismissal, it is clear that the trial court understood fully Mr. McClelland's testimony. During this exchange, the trial court stated:

> [L]et's say we accept what Mr. McClelland said. He didn't even see the accident himself. All he said is he saw [Mr. Guidry] right before it happened. He walked home. He heard a crash and turned around. So he really doesn't aid in that, either. Because the vital issue is where was [Mr. Guidry] when this accident happened.

As set forth by this court in *Johnson v. Safeway Insurance Co.*, 06-224, p. 5

6

(La.App. 3 Cir. 5/31/06), 931 So.2d 1221, 1224:

> It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. . . . Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.

> *Robin v. Allstate Ins. Co.*, 03-1009, 03-926, p. 4 (La.App. 3 Cir. 3/24/04), 870 So.2d 402, 406, *writ denied*, 04-1383 (La.9/24/04), 882 So.2d 1143 (citing *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989) (citations omitted)).

Because credibility determinations by the trial court are given great weight by a reviewing court, we cannot say that the trial court erred in assigning little or no weight to the testimony of Mr. McClelland with regard to how the accident occurred.

Mr. Guidry also argues that the trial court erred in allowing the statements of the paramedics on the scene of the accident to be admitted into evidence. Said statements were attached to Trooper Dies's investigative report which was submitted into the note of evidence without objection from Mr. Guidry. Now, on appeal, Mr. Guidry attempts to object to the introduction thereof. However, "[t]o preserve an evidentiary issue for appellate review, it is essential that the complaining party enter a contemporaneous objection to the evidence or testimony, and state the reasons for the objection." *LaHaye v. Allstate Ins. Co.*, 570 So.2d 460, 466 (La.App. 3 Cir. 1990), *writ denied*, 575 So.2d 391 (La.1991) (citing *Pitts v. Bailes*, 551 So.2d 1363 (La.App. 3 Cir.), *writs denied*, 553 So.2d 860 (La.1989), and 556 So.2d 1262 (La.1990)). A review of the record reveals that this issue was not properly preserved; therefore, it is not before this court for appellate review. *See* La.Code Evid. art. 103;

7

*Petre v. State ex rel. Dep't of Transp. and Dev.*, 00-545, 00-546 (La.App. 3 Cir. 12/29/00), 775 So.2d 1252, *aff'd*, 01-876 (La. 4/3/02), 817 So.2d 1107.

**DECREE**

For the foregoing reasons, we affirm the judgment of the trial court.  All costs of these proceedings are assessed against Plaintiff/Appellant, Clarence G. Guidry.

**AFFIRMED.**