NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-589

JOE MCPHERSON

VERSUS

RONALD DAUZAT, D/B/A DAUZAT'S USED EQUIPMENT, ET AL.

**********
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2011-6612-A
HONORABLE KERRY LYNDON SPRUILL, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

REVERSED AND REMANDED.

Chris J. Roy, Jr.
Chris J. Roy, Jr., A Law Corporation
P. O. Box 1592
Alexandria, LA 71309-1592
(318) 487-9537
COUNSEL FOR PLAINTIFF-APPELLANT:
    Joe McPherson

Cory P. Roy
Brandon J. Scott
Benjamin D. James
Attorney at Law
P. O. Box 544
Marksville, LA 71351
(318) 240-7800
COUNSEL FOR DEFENDANT-APPELLEE:
    Ronald Dauzat d/b/a Dauzat Used Equipment

**PICKETT, Judge.**

Joe McPherson appeals a judgment of the trial court granting the Motion for Involuntary Dismissal filed by Ronald Dauzat d/b/a Dauzat Used Equipment and dismissing his claims against Dauzat with prejudice.

## FACTS

Mr. McPherson purchased a used tractor from Mr. Dauzat in early 2010. Mr. Dauzat delivered the tractor to Mr. McPherson at a hunting camp. After the tractor was left at Mr. McPherson's camp, his workers determined that the tractor did not work properly. Mr. McPherson called Mr. Dauzat to tell him the tractor was not functioning. Mr. Dauzat returned to the hunting camp and brought the tractor back to his shop to repair it.

When the repairs were complete, Mr. Dauzat called Mr. McPherson to tell him the tractor was repaired. On May 7, 2010, Mr. McPherson stopped at Mr. Dauzat's shop to determine if the tractor was repaired properly. Mr. Dauzat was not at his shop, but Mr. McPherson encountered two men, one Caucasian and one African-American, whom he believed were employees of Mr. Dauzat. He asked the men if he could mount the tractor to see if it was repaired. He testified that the African-American man gave him permission to climb onto the tractor. Mr. McPherson started the tractor and checked to see if the air conditioning in the cab was working. When he tried to climb off the tractor, the step that houses the battery gave way, causing Mr. McPherson to fall and injure his knee.

Mr. McPherson filed suit against Mr. Dauzat to recover damages for the injury to his knee. He alleged that the battery compartment was not securely latched when Mr. Dauzat finished repairing the tractor and this caused the fall that resulted in his injuries. When settlement negotiations failed, the matter proceeded to trial. Mr. Dauzat stipulated that the knee injury was related to the fall from the tractor and to the

amount of damages. The only issue remaining at trial was liability. At the close of Mr. McPherson's case, Mr. Dauzat moved for an involuntary dismissal, claiming that Mr. McPherson failed to prove that Mr. Dauzat's failure to properly latch the battery box was the cause of his fall. The trial court took the matter under advisement.

Later, the trial court issued written reasons for judgment finding that Mr. McPherson failed to prove that the man who gave him permission to get onto the tractor on May 7, 2010, was an employee of Mr. Dauzat. Thus, Mr. McPherson's claim under the theory of vicarious liability could not be successful. The trial court later issued a judgment dismissing Mr. McPherson's claims against Mr. Dauzat with prejudice. Mr. McPherson now appeals.

## ASSIGNMENTS OF ERROR

On appeal, Mr. McPherson asserts five assignments of error:

1. The trial court erred in ruling in favor of the defendant when the defendant had not pled any affirmative defenses, and allowed assertions of affirmative defenses at trial which were not contained in Defendant's answer.

2. The trial court erred in determining that the only theory of liability against the defendant would be vicarious liability, and requiring a vicarious liability component to a direct negligence action and redhibition action against the defendant.

3. The trial court erred in not applying *res ipsa loquitor*.

4. The trial court erred in granting a Motion for Involuntary Dismissal in a case since an inference of *res ipsa loquitor* was appropriate.

5. The trial court erred in granting Defendant's Motion for Involuntary Dismissal given the totality of the evidence.

## DISCUSSION

The trial court granted an involuntary dismissal at the close of Mr. McPherson's presentation of evidence in conformity with La.Code Civ.P. art. 1672. The pertinent section of Article 1672, section B, states:

2

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

A trial court's discretion in granting a motion for involuntary dismissal is reviewed by this court under the manifest error standard of review. *Guidry v. City of Rayne Police Dep't*, 09-664 (La.App. 3 Cir. 12/9/09), 26 So.3d 900.

Mr. McPherson's claim for damages is premised on La.Civ.Code art. 2317.1, which states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

This court has explained that in order to prevail in a cause of action based on La.Civ.Code art. 2317.1, Mr. McPherson must prove: (1) that Mr. Dauzat had custody of the thing; (2) that the tractor had a vice or defect that presented an unreasonable risk of harm; (3) that Mr. Dauzat knew or should have known of the vice or defect; (4) that the damage could have been prevented by the exercise of reasonable care; and (5) that Mr. Dauzat failed to exercise this reasonable care. *Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 08-591 (La.App. 3 Cir. 11/5/08), 997 So.2d 814.

In written reasons, the trial court found that because Mr. McPherson could not identify the man who gave him permission to climb onto the tractor at Mr. Dauzat's shop, he could not establish an employer-employee relationship between this man and Mr. Dauzat. Thus, Mr. McPherson could not recover from Mr. Dauzat pursuant to a theory of vicarious liability. We find manifest error in this finding.

3

Mr. McPherson testified that on the day the accident occurred, subsequent to being notified by Mr. Dauzat that it was repaired, he stopped at Mr. Dauzat's shop to check on the tractor. The gate was open, and two men were there. The men were working on something in front of the shop. Mr. McPherson recognized one of the men. Mr. McPherson testified he asked the African-American man, whom he believed was an employee of Mr. McPherson, if he could climb onto the tractor. He had seen one of the men there before, but did not know their names. The African-American man told him it was ready and he could crank it. After the man said yes, Mr. McPherson climbed onto the tractor, started it and checked to see if the air conditioning was working. While climbing down from the tractor, his leg gave way as he stepped on the step which housed the battery, and his injury occurred.

Mr. Dauzat testified that no one was at the shop on the day of the accident, and the gate should have been locked. The trial court clearly found that Mr. Dauzat's testimony was inconsistent, but also found the unsupported testimony of Mr. McPherson was not sufficient to show by a preponderance of the evidence that the man who gave him permission to climb onto the tractor was an employee of Mr. Dauzat. The trial court was clearly wrong in reaching this conclusion. The facts established by Mr. McPherson's testimony are sufficient, especially since Mr. Dauzat's testimony is not credible, as the trial court found. Further, Mr. Dauzat never argued that Mr. McPherson failed to identify the man who gave him permission to get on the tractor was an employee as a ground for his Motion for an Involuntary Dismissal. We find that Mr. Dauzat's employee gave Mr. McPherson permission to climb onto the tractor to see if the tractor worked.

Mr. Dauzat argued, in moving for involuntary dismissal, that Mr. McPherson failed to prove that the failure to properly latch the battery compartment, which also serves as a step for climbing onto the tractor, was caused by Mr. Dauzat. The

testimony of Mr. Dauzat clearly shows that in order to make repairs after he picked the tractor up from Mr. McPherson, he had to remove the battery compartment. Speculation about whether Mr. McPherson, or his employees at his camp, opened the battery compartment is irrelevant since Mr. Dauzat testified he removed the battery while the tractor was back in his shop.

Mr. McPherson also explained in detail how the latching mechanism on the battery compartment works. Mr. McPherson explained how the failure to latch the compartment would cause a person climbing down from the tractor to lose their footing, as he did. Mr. Dauzat presented no evidence to contradict his testimony. The evidence presented to the trial court clearly shows that Mr. Dauzat had custody of the tractor. The evidence shows that the failure to latch the battery compartment was a defect that presented an unreasonable risk of harm. The evidence shows that Mr. Dauzat should have known about the defect because he made repairs that required the battery compartment to be opened. Mr. Dauzat represented to Mr. McPherson that the tractor was ready for use without assuring it was in a safe condition to operate. The evidence shows that Mr. Dauzat failed to exercise reasonable care in failing to latch the battery compartment. We find Mr. McPherson clearly showed a right to relief, and the motion for involuntary dismissal was improperly granted.

In his first assignment of error, Mr. McPherson points out that Mr. Dauzat, in his answer, only made a general denial, and did not plead any affirmative defenses. The record supports this assertion. Louisiana Code of Civil Procedure Article 1005 requires that all affirmative defenses, including contributory negligence, must be pled in the defendant's answer. Mr. McPherson's attorney timely objected when Mr. Dauzat's attorney pursued a line of questioning concerning whether Mr. McPherson's own negligence contributed to his injury. We find the trial court erred in admitting evidence of Mr. McPherson's contributory negligence because it was not pled in Mr.

5

Dauzat's answer. *See Willett v. Premier Bank*, 97-187 (La.App. 3 Cir. 6/4/97), 696 So.2d 196.

We find Mr. McPherson proved that Mr. Dauzat's negligence in failing to properly latch the battery compartment caused Mr. McPherson's fall. Because he failed to plead any affirmative defenses, Mr. Dauzat cannot introduce any further evidence which would prove Mr. McPherson's contributory negligence. The case is remanded for continuation of the trial.

## <u>CONCLUSION</u>

The judgment of the trial court is reversed. The case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Mr. Dauzat.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

6