# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-286


**NICOLE HILLEBRANDT ON BEHALF OF
HER MINOR CHILD, JORDYN COLBERT**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND KRISTIN RIGGS**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20181326, DIV. L
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**SHARON DARVILLE WILSON
JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sharon Darville Wilson, Gary J. Ortego, and Wilbur L. Stiles, Judges.


**REVERSED AND REMANDED.**

**DaShawn P. Hayes**
**THE HAYES LAW FIRM, PLC**
**1100 Poydras Street, Suite 1530**
**New Orleans, Louisiana  70163**
**(504) 799-0374**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Nicole Hillebrandt on Behalf of Her Minor Child, Jordyn Colbert**

**David O. Way**
**Kenny L. Oliver**
**OLIVER & WAY, LLC**
**100 Rue Bastille**
**Lafayette, Louisiana  70598**
**(337) 988-3500**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **State Farm Mutual Automobile Insurance Company and Kirsten Riggs**

**WILSON, Judge.**

Plaintiff/Appellant, Nicole Hillebrandt (Hillebrandt) on behalf of her minor child, Jordyn Colbert (Colbert), appeals the grant of summary judgment in favor of Defendants/Appellees, State Farm Mutual Automobile Insurance Company (State Farm) and Kirsten Riggs (Riggs).[1] Finding that there are genuine issues of material fact, we reverse and remand.

## I.

## ISSUES

We must determine whether the affidavit of Hillebrandt's son, who was an eyewitness to the accident, created a genuine issue of material fact regarding the comparative fault between Riggs and Colbert or whether Riggs' affidavit absolved herself of any liability.

## II.

## FACTS AND PROCEDURAL HISTORY

On February 27, 2017, at approximately 7:33 p.m., Colbert was attempting to cross Moss Street in Lafayette, Louisiana. Colbert was nine years old at the time of the accident. Her older brother, Jarayle Thomas (Thomas), and her cousin (who was also nine years old) were with her. They were waiting for Colbert's mother and other cousins so that they could walk together from her house to a Mardi Gars parade. The kids were playing with a ball. Colbert testified that the ball had been kicked across the street, and she was going to retrieve it when she was hit by a car. The car was a 2014 Toyota Camry driven by Riggs, a new driver, who was on her way to the parade with four passengers[2] in the vehicle.

---

[1] We note that Riggs' name is spelled "Kristin" in the caption of this suit. We use the spelling given in Riggs' affidavit.

[2] The passengers were Reginal Williams, Isaiah Riggs, Ittalee Randall, and Tyler Randall.

On February 27, 2018, Hillebrandt filed suit on behalf of Colbert. State Farm and Riggs filed exceptions of insufficiency of service of process and prescription. The exceptions were heard on October 29, 2018, and denied in open court.[3]

On April 8, 2022, State Farm and Riggs filed an amended answer to assert that "the accident was solely or partially caused by the negligence of the minor child" and Hillebrandt. State Farm and Riggs then filed a motion for summary judgment, which alleged that Hillebrandt could not "present any positive evidence" that Riggs "was negligent in in any way[.]" The motion alleged that Colbert was left to play outside unsupervised and admitted that she ran into the street to retrieve her ball without looking to see whether a car was coming.

Hillebrandt opposed the motion for summary judgment with an affidavit from her son, Thomas,[4] who saw the accident. Thomas stated that it appeared to him that Riggs was speeding and did not take any action to avoid hitting Colbert.

Following a hearing, the trial court found that Thomas' affidavit did not create a genuine issue of material fact and granted the motion for summary judgment in open court. The trial court instructed defense counsel to prepare a judgment. On August 12, 2022, the trial court signed a judgment granting the motion for summary judgment and dismissing all of the claims with prejudice. This timely appeal followed.

---

[3] By written judgment signed November 16, 2018, the exception of insufficiency of service of process was denied on the grounds that it had been waived by the filing of an answer.

[4] State Farm and Riggs initially objected to Thomas' affidavit on the grounds that it did not meet the requirements of La.R.S. 35:621, et seq., the remote online notarization option. The objection was withdrawn at the hearing on the motion for summary judgment.

III.

## STANDARD OF REVIEW

"Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Pollock v. MDA Consultants, LLC*, 22-540, p. 9 (La.App. 3 Cir. 2/1/23), 362 So.3d 929, 934, *writ denied*, 23-551 (La. 6/7/23), 361 So.3d 976.

IV.

## LAW AND DISCUSSION

The party urging the summary judgment bears the burden of proof. La.Code Civ.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial[,]" the "burden on the motion does not require him to negate all essential elements of the adverse party's claim, . . . but rather to point out . . . the absence of factual support for one or more elements essential to the adverse party's claim[.]" *Id*. Then, the burden shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue[,] and summary judgment is appropriate.

*Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66 (citations omitted).

Under a duty-risk analysis, a plaintiff must proof five separate elements: (1) the defendant had a duty; (2) the defendant breached that duty; (3) the defendant's substandard conduct was a cause-in-fact of the alleged injuries; (4) the defendant's substandard conduct was a legal cause of the alleged injuries; and (5) actual

3

damages. *Saucedo v. Safeco Ins. Co. of Or.*, 20-599 (La.App. 1 Cir. 3/11/21) (unpublished opinion).

"The fact that an accident occurs does not create a presumption of negligence in favor of either the pedestrian or motorist. Accidents occurring between a pedestrian and a motorist are governed by the principles of comparative fault." *Guidry v. City of Rayne Police Dept.*, 09-664, p. 3 (La.App. 3 Cir. 12/9/09), 26 So.3d 900, 903. "Although a motorist commands a greater instrumentality of harm, a pedestrian still bears the burden of proving that the motorist was negligent before he can recover damages." *Saucedo*, 20-599, p. 6.

State Farm and Riggs sought summary judgment, arguing that Hillebrandt would be unable to establish that Riggs was negligent. In support of the motion, State Farm and Riggs submitted excerpts from the transcript of the deposition of Colbert; the affidavit of Riggs; and excerpts from the transcript of the deposition of Cody Richard, the investigating officer.

Colbert testified that she ran into the street without stopping and without looking. When asked if she ever saw the vehicle before it hit, Colbert stated: "Whenever it came, it stopped, because my cousin, he told me to watch out. Then that's whenever the car came, and it hit me. Then I got up, and I walked into the house, and I sat on the sofa." She did not know how fast the car was going or whether it was speeding. Colbert stated that she fell to the ground but did not remember what part of her body hit the ground or whether she hit her head. She stated that the car hit the right side of her body. Colbert further testified that the person who was driving the car, got out of the car, and came to the door to ask if she was okay. She told them that she was okay.

Riggs testified in her affidavit that "she was traveling less than the posted speed limit of 45 miles per hour because she was a new driver[,] and she was

4

traveling through a residential neighborhood at night." She further stated that she had "both hands on the steering wheel, when suddenly and without any warning she saw a child, running across the center line of Moss Street, apparently not slowing down for her vehicle." According to Riggs, "she immediately applied her brakes" and brought her vehicle to a complete stop. Then, Riggs averred that "[s]he witnessed the minor child . . . jump into the air, land on the hood of her car, roll off the hood and back on to the ground before continuing to jog into an adjacent house."

Officer Richard testified that Colbert used the word "jump" when describing what happened: "She stated that she did not see vehicle 1 traveling south, and it struck her, causing her to jump onto the . . . hood of the vehicle[.]" Officer Richard further indicated that Colbert's sibling said essentially, but not exactly, the same thing as Colbert.

In opposition to the motion for summary judgment, Hillebrandt argued that there are several genuine issues of material fact and that issues of comparative fault are inappropriate for summary judgment. Hillebrandt points out that even though Colbert testified that she ran into the street, this does not mean that Riggs is free from fault and does not bar recovery. Hillebrandt submitted the affidavit of her son, Thomas,[5] who stated that he was present at the scene of the accident. He averred that Colbert was already in the middle of the street when she was struck by the car and that Colbert "flew into the air, hit the hood of the car, and landed on the ground." According to Thomas, the car "appeared to be speeding[,]" did not try to avoid hitting Colbert, and did not honk its horn prior to hitting Colbert. Thomas further indicated that he helped bring Colbert home and that she passed out once on the way home and again after arriving home.

_____

[5] Thomas is over the age of majority.

In granting the summary judgment, the trial court stated: "the only thing in [Thomas'] affidavit that could possibly create a material issue of fact is the statement from the witness that the defendant, quote, appeared to be speeding." The trial court then stated: "That, in itself, is insufficient to create a material issue of fact. Because, as we know in this case, the speed limit was 45 miles an hour." The trial court then pointed out that "[t]he defendant's affidavit says she was traveling less than the posted speed limit. The defendant's affidavit established that she immediately applied her brakes upon seeing the child."

It is well-settled that credibility assessments are not appropriate in summary judgment determinations. "The credibility of a witness is a question of fact." *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 8 (La. 2/20/04), 866 So.2d 228, 234. "Whether the statements are accurate is not to be decided on a motion for summary judgment. The trial court must assume that all of the affiants are credible." *Pacaccio v. Hoover*, 21-1587, p. 6 (La.App. 1 Cir. 8/2/22), 348 So.3d 81, 86, *writ denied*, 22-1525 (La. 12/6/22), 351 So.3d 367.

"A party's self-serving testimony must be accepted as credible except '[w]hen [the] party opposing a motion for summary judgment presents [his] own self-serving testimony, but that testimony contains significant discrepancies[.]'" *Joseph v. Lowe's Home Centers, Inc.*, 22-694, p. 8 (La. App. 3 Cir. 5/24/23) (unreported opinion), *writ denied*, 23-881 (La. 10/10/23), ___ So.3d ___, *quoting, Smith v. State through Dep't Transp. & Dev.*, 21-192, p. 14 (La. App. 3 Cir. 3/2/22), 350 So.3d 879, 888. Such is not the case with Thomas' affidavit testimony. "In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Sketchler v. Hernandez*, 20-292, p. 11 (La.App. 1 Cir. 5/19/21), 326 So.3d 912, 920.

6

The trial court's conclusion that State Farm and Riggs met their burden of proof required the weighing of evidence and the making of credibility determinations. "[I]t is not proper to make credibility determinations on a motion for summary judgment as the trial court did in this case." *Marks v. Schultz*, 20-197, p. 16 (La.App. 1 Cir. 12/10/20), 316 So.3d 534, 545. We further find that the conflicting testimonies of Thomas and Riggs create genuine issues of material fact. Therefore, based on our de novo review of the record in this case, we find that the trial court erred in granting summary judgment in favor of State Farm and Riggs.

V.

## CONCLUSION

The judgment granting summary judgment in favor of State Farm Mutual Automobile Insurance Company and Kirsten Riggs is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to Defendants/Appellees, State Farm Mutual Automobile Insurance Company and Kirsten Riggs.

**REVERSED AND REMANDED.**